Judge Nicholas
delivered the Opinion of the Court.
James Mason of Virginia, by his will, made the following devise. ‘‘To my sister, Janet Crawford, I leave my mulatto girl Nelly, during her life, and at her death, to leave Nelly to afty of her-children' she may think proper, or free her by emancipation, as she pleaseth.”
Samuel Crawford, the husband of Janet, obtained Nelly from Mason’s executor, in Virginia, and brought her with him to Kentucky, in 1809 or 1810, and retained possession of her and her increase till his death, in 1821 ; when she, together with a child of hers called Hannah, Were delivered to Pate, as part of his distributable share, in right of his wife, of the estate of Samuel Crawford, who has held possession of them ever since. Janet Crawford died in 1813, without having executed the power given her by Mason’s will, of disposing of Nelly.
Shortly after the birth of Hannah, in 1819 or 1820, Samuel Crawford gave her to Mrs. Barrett, then an infant and unmarried, who resided with him at the time, and so continued till his death. In 1832, Barrett and wife instituted this action against Pate, for the recovery *427 of Hannah, and ultimately obtained a verdict and judgment’against him. Mrs. Barrett did not attain full age till within five years next before the institution of the suit. The executor of Mason continúes to réside in Virginia, and has never been in this state.
A party holding a slave which belongs to another, gives it away, but retains the possession until his death.whichoecurs before the right of the true Owner is barred by lapseoftime; upon which,his adin’r delivers the slave, as distributable estate, to one of the distributees; who retains the possession until time hus barred the right of the true owner the donee cannot recover it of the distributee, for as the donor never had any title, the donee acquired none by the gift; and the statute of limitations, operates in favor of the party in possession.
Where one sells real estate, with warranty, the heir, to whom sufficient assets descended, is estopped to deny the right of his ancestor to convey.because of the warranty. But this principle does not apply to a parol gift of a chattel,forthere thelawdoesnot imply any warranty.
Upon proof conducing to show the foregoing facts, the court instructed the jury, that if Nelly was in Samuel Crawford’s possession for five years next before his death, he claiming her as his own, and' exercising acts of ownership over her, that this vested the title in him ; and refused to instruct them, at the instance of Pale, that the statute of limitations did not commence running against Mason’s executor, till LS23. A motion for a new trial was overruled.
We think the proof did not authorize the verdict, and that the court erred in the instruction given,, and in refusing that asked by the defendant.
The will gave Janet Crawford only a life estate in Nelly, with power to emancipate her, or give her to any of her children, and as this power never was executed, the right to Nelly reverted to the executor of Mason, on the-death of Janet Crawford,., ’ .
The executor never having been, in Kentucky, the statute of limitations did not commence running against him until 1823, when the exception in favor of non-residents was abolished. Samuel Crawford did not, therefore, obtain any title by virtue of the statute of limitations, and there is no other mode by which it is pretended he did acquire title. Consequently, he had no right whatever to Hannah, at the time he made the gift to Mrs-, Barrett.
ft is true, the’ statute has been running in favor of Pate since 1823, and it may, before the institution of this suit, have barred the right of Mason’s executor. But we do not perceive how that can benefit the claim of Barrett and wife. If one- having no title to a slave gives it to another, and afterwads acquires the title, it may be that the title- will enure for the benefit of the donee. But Samuel Crawford, not only had no title at the time of the gift, but never afterwards acquired any right to the slave.
*428 Where one having no title to real estate, undertakes to convey it, with covenant of warranty, his heir may, if sufficient assets descend to him, be estopped, to deny that he had-right to convey; but this is only by virtue of the warranty, and assets descended. Therefore, even though it were conceded, that this doctrine were applicable to a conveyance of personalty, and to a distributee acquiring it by distribution, still it could not be made to apply in this case, for the benefit of Barrett and wife. For the law would imply no warranty, from a mere pa~ rol gift of the slave. The title by which Pate now holds the slave, is one acquired by himself, by virtue of the statute of limitations operating upon his own possession, and is wholly unaided by any right derived from Samuel Crawford. Pate’s possession, though derived from the personal representative of Crawford, can by no construction, be made the possession of the personal representative, so as to mature a right for him, but would, if necessary for Pate’s protection, be construed into an adversary holding against the representative.
Judgment reversed, with costs, and cause remanded, with instructions for a new trial, and further proceedings consistent herewith.