CASE 20—PETITION EQUITY—JANUARY 29.

## Herbert's Guardian, &c., v. Herbert's Ex'r, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. MERGER OF ESTATES—POWER OF APPOINTMENT—REMAINDERS.— Where a testator devises land to a stranger for life, with power to devise the estate to whomsoever he pleases, making no disposition of the remainder, the remainder passes to the heir-at-law of the testator, subject to be defeated by the execution of the power; but where such a devise is made to the heir-at law, the life estate and the fee in remainder being united in one person, he takes the absolute estate, and being already vested with the fee without reference to the power to devise, that power gives him no greater right than he already had

H. devised his estate to S., his son, and to G., a stranger, for life, the income to be equally divided between them, and gave to each full power to devise to whomsoever he pleased the share of the estate devised to him for life, but made no disposition of the remainder in the event either of the devisees for life failed to execute the power of appointment. S. and G., the devisees for life, with the testator's widow, were appointed and qualified as executors. S., after consuming that part of· the estate devised to him, died, leaving a will, by which he devised all of his estate, real and personal, to his widow and his only child. The

Herbert's Guardian, &c., v. Herbert's Ex'r, &c.

devisees of S. seek to make his co-executors account to them for one-half of the estate of H., claiming that the devise to them by S. was an exercise of the power conferred upon him by his father's will, and that they take one-half of the estate of H. under his will, having been designated as the persons to take; or, that if the power has never been executed, the title to the estate of S. vested in his son as the heir of H. *Held*—That the absolute fee to one-half of the estate of H. passed to S., and the fee in remainder to the other half, subject to be defeated by the exercise by G. of the power of appointment vested in him; and even if the will of S. is to be deemed an exercise of the power of appointment vested in him, he can not, after consuming the estate devised to him, as he had the right to do, make his co-executors responsible by devising the estate to another, even though the attempt to exercise the power be binding on his executor, or those entitled to hold under him.

2. EXERCISE OF POWER OF APPOINTMENT.—Under our statute, where one having a power of appointment to be exercised by last will, devises his whole estate to a person whom, in his discretion, he has the right to designate, the devise will be regarded as the execution of the power, although the power given may not be mentioned or referred to, unless a contrary intention appears from the will.

It is not necessary in this case to determine whether or not the testator intended to execute the power of appointment vested in him.

JOHN STITES AND BROWN, HUMPHREY & DAVIE FOR APPELLANTS.

1. George W. Herbert did not make any gift *inter vivos* or *causa mortis* of his $60,000 of stock, bonds and money, because there was no " actual unequivocal and complete delivery of them, and no divesting of his control over them." They remained a part of his estate, and passed under his will to his executors. (Baskett v. Halsell, 107 U. S., 602; Stephenson v. King, 81 Ky., 426; Merriwether v. Morrison, 78 Ky., 572; Robson v. Robson, 3 Del. Chancery; Revel v. Dobroc, 10 Simons, 245.)

2. The devise in G. W. Herbert's will of his " household furniture and movables" to his wife did not give her the stocks, bonds and moneys, but only gave her the furniture and similar chattels. (Sneed v. Ewing, 5 J. J. Marshall, 480; 2 Dallas, 142.)

3. The proper construction of the will of G. W. Herbert is, that it created a life estate only in his wife, his son, Herbert, and his step-daughter, Georgiana A. Wright, in one-third, each, of his estate; with a power of appointment in said Sidney and Georgiana to appoint by last will who should become the takers, at their death, of their respective thirds. There is no merger where the same person is given a life estate and a power of appointment. (4 Kent's Com., 334; 49 Mo.,

127; 2 Washburne Real Property, 325; McGaughney v. Henry, 15 Ben. Monroe, 383; Collins v. Carlisle, 7 Ben. Monroe, 14.)

4. During the existence of those life estates, and until the powers of appointment were exercised, the fee of the property in remainder remained in suspense, or as it is termed, *in gremio legis, in nubibus.* (Bohon v. Bohon, 78 Ky., 450.)

5. The will of Sidney G. Herbert, although it purported to will the remainder as his own, yet operated as a good exercise of the " power of appointment." (General Statutes, chapter 113, section 22.)

6. When Sidney G. Herbert so exercised the power of appointment, and made the plaintiff, George, his son, the appointee, the said third in remainder at once vested in George; not as a devise from Sidney, nor under Sidney's will, but direct from and under the will of G. W. Herbert, the original testator. (Johnson v. Yates, 9 Dana, 500; Kent's Com., vol. 4, 327; Jones v. Clifton, 101 U. S., 225; Thomas v. Moody, 1 Ky. L. Reporter, 123; 2 Sugden on Powers, page 30; 12 Pa. St., 279; 15 Ben. Monroe, 400.)

7. The provision of Sidney G. Herbert's will, that all his debts should be paid, &c., did not and could not create a charge of those debts upon the property which passed under the exercise of the power. (Drake v. Ellman, 80 Ky., 437.)

8. Mrs. Georgiana A. Wright, although a married woman, qualified as an executor of G. W. Herbert, and is liable as such. (Tyre v. Williams, 3 Bibb, 368; Floyd v. Massey, 4 Bibb, 427; Moss v. Roland, 3 Bush, 505; Berry v. Hamilton, 12 B. Monroe, 191.)

9. The three executors, Mrs. G. W. Herbert, Sidney G. Herbert, and Mrs. Wright, having, as executors, taken possession of the sixty thousand dollars of bonds, stocks and money, whether they have it on hand or have spent or otherwise disposed thereof, or permitted it to be disposed of, they are all liable to the infant plaintiff George for his one-third thereof. (Gray v. Reamer, 11 Bush, 113.)

10. Plaintiff George has also an interest in remainder, as the only descendant of G. W. Herbert, in the entire estate, subject to the chance of his interest being defeated as to one-third by the exercise by Mrs. Wright of her power of appointment. He is entitled to have his interests in this regard declared and protected.

P. B. MUIR FOR APPELLEES.

1. By virtue of the will of Geo. W. Herbert, the defendant, Mrs. Herbert, became the owner in fee of the "household furniture and movables of every kind," owned by the testator at his death, which embraced any bonds, money and stocks he may have owned at his death. (Humble v. Humble, 3 Mar.; 6 Dana, 345-6.)

Therefore, even if the money, bonds and stocks did not pass by gift.

Herbert's Guardian, &c., v. Herbert's Ex'r, &c.

in the testator's lifetime, they passed to Mrs. Herbert by the will, and plaintiffs have no interest in them.

2. The widow also became the owner for *life* of one-third of the testator's real estate, a devise of the rents and profits for life being a devise of the estate itself for life. (Williamson v. Williamson, 18 B. Mon., 383.)

3. Georgiana, by virtue of the will, became the owner *for life* of one-half of the testator's real estate, subject, however, to the life estate of the widow in one-third thereof, with power to dispose of the fee by last will and testament. (Bowles v. Winchester, 13 Bush.)

4. Sidney not only became, by the will, the owner *for life* of one-half of said real estate, subject to his mother's third for life, but as *sole heir* of the deceased father he became the owner in fee of all that was *not devised.* (1 Rev. Stat., chap. 30, sec. 1; Philips v. Johnson, 14 B. Mon., 175; Flournoy v. Flournoy, 4 Bush, 526.)

The devise of the power to dispose of it by will was not a devise of any estate, or of any "interest in the property." (Jones v. Clifton, 101, U. S. (11 Otto), 225-231.)

It follows that, as the fee to the half devised to him for life was not devised, he took it by descent. Thus, being the owner *for life by devise*, and the owner of the *fee by law*, the lesser or life estate was *merged* into the greater or fee, and upon the death of his father he became the owner in fee-simple of one-half the real estate, subject to the life estate of his mother in the portion devised to her. (Black. Com., 1st vol., 2d book, page 177.)

All particular estates are subject to merger in the reversion whenever the same person becomes entitled to both, except estates tail. (2d Cruise's Dig., title 17, p. 429, sec. 42; 2d Minor's Inst., side page 368, sec. 5; Logan v. Steele's Heirs, 7 Mon., 108.)

The opinion in Bohon v. Bohon, 78 Ky., 408, is contined by its terms to grants by deed.

5. The gift by the testator before his death of the money, bonds and stocks was valid. (Stephenson v. King, 81 Ky., 426; Merriwether v. Morririson, 78 Ky., 573; Kemper v. Kemper, 1 Duv., 401; Sutherland v. Sutherland, 5 Bush, 593; Barkley v. Lane, 6 Bush, 587.)

6. Truman, by becoming executor of S. G. Herbert, did not disqualify himself from testifying as a witness. A witness can not disqualify himself from testifying *for others* by *acquiring* an interest. (Baylor v. Smithers, 1 Litt., 105; 2 J. J. Mar., 333.)

A party to a suit in chancery may be a witness for or against other parties in the same suit if he have no interest in *the question to which he deposes.* (Warren v. Sproule, 2 Mar., 539; 6 Mon., 304; 5 B. Mon., 460; 11 B. Mon., 100.)

6. Even if Mrs. Wright could have qualified or acted as executrix, she could only be made responsible for such assets as came to her hands.

The three executed separate bonds, not a joint bond. In such cases each executor is only bound for what came to his hands. (Slaughter v. Froman, 5 Mon., 20; Moore's Adm'r v. Tandy and Castleman, 3 Bibb, 97; Roach v. Hubbard, Litt. Sel. Cases, 235; South v. Hoy, 3 Mon., 96.)

7. But it was impossible for Mrs. Wright, a *feme covert*, under the statute, to become executrix. (Rev. Stats., vol. 1, p. 497, sec. 1; Toller's Ex'rs, chap. 2, sec. 1, p. 31; *Ibid.*, chap. 8, p. 241; *Ibid.*, book 3, chap. 5, p. 358.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

George W. Herbert, Senior, died in the county of Jefferson, leaving a last will and testament, dated on the first of March, 1872. He left his widow surviving him, and one child, a son, named Sidney Herbert. He was the owner of valuable real and personal estate at the time of his death; his money, bonds and stocks on hand exceeding in value sixty thousand dollars. By his last will he made ample provision for his widow, and gave to his son, Sidney, and to Georgiana Wright, who was a daughter of his wife by a former husband, an equal interest in the income and profits of his entire estate during their natural lives, with the power given to each to dispose of *"their part of the estate* by will forever, to whomsoever they might wish. *I wish them to have the same right to bequeath their part of the estate by will as I now have."* He appointed his widow, Sidney Herbert and Georgiana Wright executors of his will, all of whom seem to have qualified.

Sidney Herbert died, leaving his widow surviving him, and also his son, George W. Herbert, Jr. He also left a last will, by which he devised his estate to his widow and son George. His widow afterwards married Monsch, and she and her husband are parties to this litigation. They and George W. Herbert, Jr., are the appellants on this appeal.

After the death of the first testator, George W. Herbert, much of his personal estate was wasted, as is alleged, by his executor, Sidney Herbert, and the entire personalty appropriated by the executors, and this action was brought by Geo. Herbert, Jr., and his mother, to make the surviving executors, the widow of the first testator, and Georgiana Wright, account to them for the estate, or so much of it as amounted to the share of Sidney Herbert for life, insisting—

1. That the devise made to them by Sidney Herbert was an exercise of the power conferred upon Sidney by the will of his father, and they took one-half of the estate under the will of George W. Herbert, Senior, they having been designated as persons to take by the donor of the power.

2. That if the power under the will to dispose of the estate had never been exercised, the title to the estate (or his father's share) vested in George Herbert, Jr., at the death of his father, he being the only person living at that time entitled under the law of descent to inherit from his grandfather. That the fee or title was in abeyance waiting for the donee of the power to designate some one to take it, and the death of his father rendering it impossible to execute the power, the inheritance at once passed to him. That at no previous time could the fee have vested.

For the appellee it is contended, that at the death of the testator, George W. Herbert, Senior, the absolute fee vested in Sidney Herbert, as to one-half the estate, subject to the devise made to the widow of the testator. That the devise to him of the rents and profits for life of the one-half of the estate vested in him the title to

that extent, by virtue of the will, and the remainder being undevised, he took it by inheritance from his father. That he was also vested with the fee in remainder to the share devised to Georgiana, the fee subject to be divested by Georgiana executing the power of disposition given her under the will. These are the only questions presented that we deem necessary to consider.

It is proper to give in full, first, the will of George W. Herbert and also that of his son Sidney.

The will of George W. Herbert is as follows:

"I, George W. Herbert, of the city of Louisville, county of Jefferson, and State of Kentucky, being of sound and disposing mind, memory, and understanding, do this day, the first day of March, in the year of our Lord one thousand eight hundred and seventy-two (March 1, 1872), make, publish, and declare this to be my last will and testament, hereby revoking and making null and void all former writings of the nature of last wills and testaments by me heretofore made. My will is, first, that all my just debts and funeral expenses shall be paid. The residue of my estate, both real and personal, of all and whatever kind, which is not required for the payment of debts, funeral expenses, and the expenses attending the execution of this my will, and administration of my estate, and what I may hereafter bequeath, I give and dispose of as follows, to-wit:

"I bequeath, out of my estate, one thousand dollars ($1,000) to Elijah Wright (my wife's son), to be paid him, and to himself only, in two installments, five hundred dollars first, and five hundred dollars one year

afterward. I give and devise to my beloved wife, Mary Anne, all my household furniture and *movables of every kind*, and one-third of the net income of my estate from all sources yearly for her own use and benefit during the term of her natural life; and after her decease the said income is to go to or revert to the estate to be bequeathed as hereinafter mentioned, to-wit: To Georgiana Anne Wright (my wife's daughter), and to Sidney G. Herbert (my son), I give and devise the remaining two-thirds of the net income of my estate, each one to have an equal share, or one-third of said net income; and at the decease of my beloved wife, Mary Anne, I also give and devise the one-third part of the income that my wife had received up to the time of her decease, to be thereafter and from that time paid to them, namely, to Georgiana Anne Wright and Sidney G. Herbert, each to have an equal part of said net income as nearly as can be done; and further, after the decease of my beloved wife, *but not before*, the two children before mentioned may, if they so choose, have the estate equally divided, so that each one may receive as nearly as practicable the same amount of income. My will is that the income shall only be paid to or received by said children, Georgiana Anne Wright and Sidney G. Herbert, for their use and benefit during their natural lives; but my will and wish is, that each one of said children shall have the right to give and bequeath their part of the estate by will forever to whomsoever they may wish, and in such manner as they may wish lawfully. *I wish them to have the same right to bequeath their part of the estate by will as I now have.* I also give, devise, and bequeath, out of my estate, the

house and lot on Twelfth street, between Broadway and Magazine, to my beloved nephew, Thomas G. Truman, the same house and lot on which he now resides, in fee-simple. I hereby appoint my beloved wife, Mary Anne, as my executrix, and also Georgiana Anne Wright and Sidney G. Herbert (our children) as joint executors or administrators to carry out the provisions of this my will, and request that they may be allowed to administer to my estate, and to execute this my will, without being required to give any security whatever.

"GEORGE W. HERBERT."

The will of Sidney Herbert reads:

"In the name of God, amen.

"I, Sidney G. Herbert, of the city of Louisville, county of Jefferson, State of Kentucky, being of sound mind and disposing memory, do make, ordain, and publish this, my last will and testament, and hereby revoke all other wills and testaments made heretofore by me.

"*First. After all my just debts*, funeral expenses, and a suitable tombstone are *paid* for—I then bequeath and give the *remainder* of my property, both real and personal, to the following:

"*Second.* I give and bequeath to my beloved wife, Mary Alice Herbert, two-thirds of all *my* property, both real and personal, of which I may die seized.

"*Third.* I give and bequeath to my beloved son, George Wright Herbert, the remaining one-third of all *my* property, both real and personal, of which I may die seized; I further give and bequeath to him my watch and chain.

"*Fourth.* And my further wish is, that if my wife, Mary Alice Herbert, should marry after my death, then

the said two-thirds that she was to receive is to go to my beloved son, George Wright Herbert, at her death, and she shall give security, to be approved by the county court, at the time she re-marries, for the payment of the same to my said son, or his heirs, at her death. I appoint as my executor of this, my last will and testament, my beloved friend, T. G. Truman, without security. Given under my hand and seal this 29th day of May, 1879.                     SID. G. HERBERT."

The questions presented by the pleadings are readily understood, but rather difficult of solution.

It is argued by counsel for the appellants, that the testator, George Herbert, left no part of his estate undevised, and he relies on the following provisions of the will, in connection with the particular devise to each devisee, as sustaining this view.

After directing the payment of his debts, he says : "The residue of my estate, both real and personal, of all and whatever kind, which is not required for the payment of debts, * * * I give and dispose of as follows." He then proceeds to give to his widow certain personal property and one-third of the net income of his estate yearly from all sources for her own benefit during her natural life, and then to give to Georgiana Wright (his wife's daughter), and to his son Sidney, each one-third of the net income of his estate, and in the event of his wife's death, they are entitled in equal shares to the entire income "*for their use and benefit during their natural lives.*" There is no devise over to the child or children of either of these devisees.

Neither of the appellants or any one else took any interest in the devisor's estate, except those mentioned

in the will, who were entitled to certain specific devises, about which there is no controversy. A life estate had been carved out by the testator, but no disposition made of the remainder. In whom, then, did the title to this remainder pass at the death of the testator. A naked power of disposition by last will and testament was conferred upon the two devisees, under which they were given the right to devise this remainder interest to any one they might wish to have it, "*with the same right to bequeath their part of the estate by will as I now have.*"

It can not be assumed, in the absence of any provision of the will on the subject, that his purpose was to give this estate in remainder to his next of kin, or to the children of the life tenants; but, on the contrary, each one of the devisees for life is invested with the power to devise the estate to a stranger, if such was their desire. The effort on the part of the testator seems to have been to limit the interest of the two principal devisees to an estate for life, and at the same time to give them complete control over it. They are made the executors without bond or surety, and with the power to dispose of it by will, uncontrolled by any direction or desire on the part of the devisor.

Regarding the devise as one for life, with the power of appointment merely, then at the death of the testator, the remainder being undevised, passed to his heirs-at-law. This was always, as we understand, the common law rule with regard to executory devises, and Mr. Fearne's contention was that the same rule applied to grants or conveyances.

It is here endeavored to be maintained by counsel for

the appellants, in an argument able and persuasive, that the fee or title in remainder was in abeyance during the continuance of the life estate, or until the donee of the power designated the one to take the estate.  Mr. Kent says, that a state of abeyance was always odious, and never admitted but from necessity, but that the existence of such a technical rule as a fee in abeyance can not be doubted.  (Kent's Commentaries, vol. 4, page 259.)  A conveyance to A for life, and at his death to the heirs of B then living—Mr. Fearne says in such a case the inheritance remains in the grantor, and the transition of the title is in abeyance, that is, cannot pass because the heir living at the death of the life tenant cannot be ascertained until that contingency happens, and the title must remain in the grantor, for there is no one to receive it from him.  Whether the transition of the title, or the title itself, is in abeyance, is not important in this controversy, but that the technical rule is recognized by many of the courts of this country as it existed at common law is certain.  In regard to executory devises, the fee, says Mr. Kent, remains unaffected by the will where the devisee takes upon a contingency.  The title is in the heir, subject to be defeated when the devise takes effect.  (Kent's Commentaries, vol. 4, p. 257.)

In Carter v. Barnadiston, 1 P. Wm., 505, it was held that the inheritance descended to the heir in the case of a contingent remainder created by the will, to await the happening of a contingency.

Says Chancellor Kent: "If a contingent remainder be created in conveyance by way of use, or in dispositions by will, the inheritance in the meantime, if not other-

wise disposed of, remains in the grantor or his heirs, or descends to the heirs of the testator, to remain until the contingency happens. This general and equitable principle is of acknowledged authority." (Kent's Commentaries, vol. 4, p. 257. See also note to Sharswood's Blackstone's Commentaries, vol. 1, book 2, p. 106.)

It is, therefore, plain in this case, there being no devise of the remainder interest, that the title in fee passed to Sidney Herbert, the only child of the testator, to the one-half of the estate from which he derived the rents and income for life under his father's will, and that he was invested with the fee to the half devised to Georgiana Wright, and that interest descended to his son George W. Herbert, Jr., subject to be defeated by the execution of the power on the part of Georgiana. The latter was not invested with the fee because she was not a child of the testator, and could not inherit from him.

It is claimed that Sidney Herbert, the father and husband of these appellants, exercised the power given him by his father's will, in making his last will and testament, by which he devised his entire estate to the present appellants. They are not claiming any part of the property in controversy under this will of Sidney Herbert, but are claiming to hold under the will of George W. Herbert, the first testator, because the power to appoint was derived from the will of the latter, and they being designated as the appointees, take under the will of their grandfather, by reason of the appointment, and not under the will of their immediate ancestor. That the devise is to the one Sidney should appoint.

The exercise of the power, if it has been attempted

by the will of Sidney Herbert, would certainly not have been good at common law, because it nowhere appears from the face of that paper that such was his purpose. This doctrine has been modified by our statute that provides as follows: "A devise or bequest shall extend to any real or personal estate over which the testator has a discretionary power of appointment, and to which it would apply if the estate was his own property, and shall operate as an execution of such power, unless a contrary intention shall appear from the will." (Gen. Stats., chap. 113, sec. 22.)

This provision of the statute evidently means that when the power of appointment is given to be exercised by a last will, that a devise of the testator's whole estate to the person who, in the testator's discretion, he has the right to designate, the person thus designated will take under the devise, and the same shall be regarded as the execution of the power, although the power given may not be mentioned or referred to.

Without discussing the phraseology of the will in question to show the intent of Sidney Herbert, it is manifest, after what has been already said, that his will, if an attempt to execute the power, could not affect the surviving executors or the right of the appellees as devisees of George W. Herbert to their interest in the estate, nor are they liable if the estate, or that share of it descending to Sidney Herbert, has been consumed or disposed of by him.

The execution of the will of his father and the heir-at-law of the undevised estate, he became the absolute owner, and while the owner in fee disposes of the estate, and then attempts to vest some one else with title.

If he had died without executing a will, the estate would have passed by descent from him to his son George, the present appellant. He has a life estate under the will with the fee in remainder by descent from his father, coupled with a mere naked power to make what disposition of the estate by last will he pleases.

After becoming vested with the absolute estate and disposing of his interest in it, he attempts to create an estate in his son that must deprive the widow and the other devisees of their interest by making them responsible for his own acts. Conceding that he had executed the power in express terms, having the privilege of holding the profits as his own if he saw proper, it is too late, after consuming the estate, to make his co-executors and devisees responsible for his conduct by devising what he had already disposed of to his son.

No relations or class of kindred are mentioned as the appointees, but a discretion given the heir-at-law invested with the fee to dispose of the estate by will as he saw proper, and to whomsoever he pleased. With such a power confided to a mere stranger, upon his failure to exercise it, the estate would have continued with the heir-at-law, where the title passed at the testator's death.

Here the father devises to his son one-half his estate for life, with the unlimited power to devise it to whomsoever he pleases. The son "*is to have the same right to bequeath his part of the estate by will as I now have.*"

The son, and not the father, has the power to select some one from the entire human race, and make that one the object of his bounty. It is not the devise of the father but that of the son, and the appellants must

claim under the will of Sidney Herbert, in order to get any part of the estate in controversy. He has a life estate, the fee in remainder, and the unrestricted power to devise. What greater estate could have been vested in him?

The life estate, in fact, was swallowed up by the fee in remainder, for if the life tenant becomes invested with the remainder, whether by purchase or by descent, he then has the whole estate. Two estates can not well exist in one who has already the absolute fee.

It might be well argued that a devise to a stranger for life, with such an unlimited power of disposition, would pass the fee ; but where the title is cast upon the heir by descent, who has already a life estate by devise, he is invested with a perfect title. A mere naked power to dispose of an estate by will, vests no estate in the one authorized to execute the power. If Sidney Herbert had made no will, his son would have taken the estate from him by descent. The latter was never the heir of his grandfather, but the heir of Sidney, and must take through him.

There was an action instituted in the Louisville chancery court in the year 1875 for a settlement of the accounts of these executors. The question involved in that case affected the whole estate of George W. Herbert—what estate came into their hands, and what was paid out. All who had any interest in that estate, whether in possession, remainder or reversion, or upon a contingency, were made parties. The present appellants, George W. Herbert, Jr., and his mother, were not made parties, because they had no interest whatever in the controversy. The life tenant, and the heir-at-law,

who, under our statute of descents, was invested with the title to the undevised estate, were all before the court. No one else had an interest in the controversy. No one could have acquired an interest but by the voluntary act of Sidney Herbert as to his share, unless under a coercive sale. He might have conveyed as well as devised his interest in the estate. If he had conveyed it, the purchaser from him could not have been deprived of title by any subsequent will made by Sidney Herbert.

The power to devise given to one already vested with the fee, gives no greater right than he already had. And the compliance or effort on the part of Sidney to execute this power may be binding on his executor or those entitled to hold under him; but it cannot affect the rights of these co-executors unless they have an estate in their hands belonging to Sidney Herbert. If his own estate can be made liable, it is a liability voluntarily assumed on his part, as he had the right to withhold the execution of the power and retain the fee in his own heirs, who would take by descent from him.

The judgment below is affirmed.