CASE 49—ACTION BY BEN NEWTON AND OTHERS AGAINST THE SOUTH-
ERN BAPTIST THEOLOGICAL SEMINARY, &C., INVOLVING THE CON-
STRUCTION OF THE WILL OF WILLIAM NEWTON.

# Newton, &c. v. Southern Baptist Theological Seminary, &c.

### APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

WILLS—DEVISE OF CONTINGENT REMAINDER—FAILURE TO TAKE EF-
FECT—TITLE BY INHERITANCE.

Held:    1. Kentucky Statutes, section 4843, provides "that unless a
contrary intention appear, property comprised in a devise which
fails shall not be included in the residuary devise, but shall
pass as in case of intestacy." Testator devised lands for life
with remainder to his daughter if she survived the life tenant,
otherwise to a projected school which was never established.
The daughter devised the property to the Southern Baptist Theo-
logical Seminary, but died before the life tenant. HELD, that
the devise having failed, the daughter, who was testator's only
surviving child, took the fee to the land by inheritance, and her
devisee was entitled to the property against other collateral heirs
of the original testator.

BURKHEAD & CLEMENTS, FOR APPELLANTS.

The fourth clause of the will of William Newton is as follows:
"The 120 acres of land occupied by Mrs. Lucinda Newton,
widow of my son, Slaughter Newton, I will to my daughter,
Mary, if she should live longer than said Lucinda, but if said
Lucinda is the longest liver, then I will that at her death said
land shall be sold and the proceeds paid to the Baptist Male
School about to open in Owensboro, under Professor Gray."

Mary Newton died before Lucinda, the life tenant. Mary
Newton, by her will devised the land to the appellee, Southern
Baptist Theological Seminary, and in the clause devising said
land, she recognized that Lucinda owned a life estate in same,
she, Mary, claiming to own the fee.

William Newton had only two children, Slaughter and Mary.
Slaughter died before his father, leaving Lucinda, his widow.
Neither Slaughter nor Mary left any children.

Newton, &c. v. Southern Baptist Theological Seminary, &c.

The appellants in this action are the descendants of the brothers and sisters of William Newton and, as his sole surviving heirs, claim the land in controversy.

Our construction of the will is, that Mary Newton took a contingent remainder in the land depending upon the contingency of her outliving the life tenant, Lucinda, or else she took a defeasible fee in the remainder which became vested, and of which she was subject to be divested by her dying before the life tenant.

The Baptist Male School mentioned in the will could not take until the death of Lucinda Newton, the life tenant, and if it had been in existence at the date of her death, then it would haye taken the remainder, and certainly the devise of Mary Newton to the appellee would then have been of no effect, and so we conclude that the remainder did not fail, and could not fail until the death of the life tenant, and having failed then because the male high school was not in existence, the property reverted to the heirs of William Newton and not to Mary alone, because she happened to survive her father.

### AUTHORITIES CITED.

Grayson v. Tyler, 80 Ky., 358; Dickinson v. Ogden's Exr., 89 Ky., 162; Lepps v. Lee, &c., 92 Ky., 16.

SWEENEY, ELLIS & SWEENEY, FOR APPELLEE, S. B. T. SEMINARY.

Under the allegations of the petition the lower court properly sustained a demurrer thereto, from which this appeal is prosecuted.

Plaintiffs seem to have overlooked the fact that on account of there being no one to take this legacy, that the testator, William Newton, died intestate as to the 120 acres of land in controversy.

Section 4843, Kentucky Statutes, provides as follows:  Unless a contrary intention shall appear by the will, such real or personal estate or interest therein-as shall be comprised in any devise in such will *which shall fail or be void or otherwise incapable of taking effect* shall not be included in the residuary devise contained in such will, *but shall pass as in case of intestacy.*

The allegations of the petition are dogmatic in averring that there was no one to take this 120 acres of land at the death of the testator.

Accepting this allegation as true and applying the section of our statute above quoted to it, we have a case where, not only at the common law, but by the express terms of the statute,

the title descended at once to the heirs of the testator, for the testator died intestate as to that particular property.

The daughter, Mary, being the only child and heir of the testator, the fee in the land passed to her, and her devise to the seminary is valid. Coots v. Yewell, 95 Ky., 367; Kentucky Statutes, sec. 4843.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

This appeal involves the construction of the fourth clause of the will of William Newton. It reads as follows: "The one hundred and twenty acres of land occupied by Mrs. Lucinda Newton, widow of my son, Slaughter Newton, I will to my daughter, Mary, if she should live longer than said Lucinda Newton; but if said Lucinda is the longest liver then I will that at her death said land shall be sold and the proceeds paid to the Baptist Male School about to open in Owensboro under Professor Gray." The testator had two children—a son, Slaughter, who died before the will was made, and a daughter, Mary, who survived the testator, but who died before Mrs. Lucinda Newton, the widow of the testator's son, Slaughter. The Baptist Male School which the testator assumed would soon open in Owensboro under Prof. Gray was not organized or opened at any time, so at the time of the death of the testator and his daughter, Mary, such an institution as the Baptist Male School did not exist at Owensboro. The daughter, Mary, assuming that she owned the 120 acres of land referred to in the clause of the will under consideration, devised it to the appellee, Southern Baptist Theological Seminary. The controversy here is between those claiming to be the heirs at law of William Newton, and the appellee, Southern Baptist Theological Seminary.

On behalf of the appellants it is contended that the daughter, Mary Newton, took a contingent remainder or a defeasible fee in the remainder; that, as she died before

the life tenant, Lucinda Newton, and the contingency did not happen which would have given her an absolute fee in the property, it descended to the heirs at law of William Newton, the descendants of his brothers and sisters, who are plaintiffs in this action. On the behalf of the appellees it is contended that the devise failed, and that, instead of the property going to the testator's brothers and sisters, it descended to Mary as an undevised estate. Both under the claim made by the appellants and appellees the devise failed, and it should be treated as an undevised estate. The real issue is whether it descended to the daughter, Mary, as an heir at law of her father, or whether the devise prevented her from inheriting it from her father, and thus casting the estate upon those who would have been the testator William Newton's heirs at law had he died intestate and childless. Section 4843, Kentucky Statutes, 1899, provides that: "Unless a contrary intention shall appear by the will such real or personal estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall not be included in the residuary devise contained in such will, but shall pass as in case of intestacy." Under this statute the devise failed, no Baptist Male School ever being in existence, and of course no estate in the land devised vested in it at the death of the testator or subsequently. So the clause in the devise with reference to the Baptist Male School does not affect in any way the question as to who inherited the estate.

Where two contingent remainders are created, the one is subordinate or alternate to the other, but the second only vests when the first fails. Leppes, etc., v. Lee, etc., 92 Ky., 16, 13 R., 317, 17 S. W., 146. There was no second re-

mainder, because the supposed institution which was designated to take such remainder did not have an existence. The estate which Mary Newton took under the will was a contingent remainder because it was limited to take effect upon an uncertain event. The estate which she took by it might be designated as a remainder which never took effect, as the event which was to give her an absolute estate never happened. A contingent remainder may be conveyed or devised, yet, if the grantor or devisor dies before it becomes effective, then the grantee or devisee takes nothing. As the daughter, Mary, died before Lucinda, the contingent remainder never became effective, and therefore, under her father's will, she had no estate which she could devise to the Southern Baptist Theological Seminary. If she had the right to devise the estate, it was by reason of the fact that she was the only heir of her father. Of course, the life tenant did not take the title to the property. As devisee, the daughter, Mary, did not take the title to it, because the event did not happen which was to vest her therewith. The Baptist Male School never took it, because it did not exist. As the testator never placed the title in any one, it descended to his heir at law. "If a contingent remainder be created in conveyances by way of use, or in dispositions by will, the inheritance, in the meantime, if not otherwise disposed of, remains in the grantor or his heirs, or descends to the heirs of the testator, to remain until the contingency happens. This general and equitable principle is of acknowledged authority." Kent's Commentaries, vol. 4, p. 257. This rule announced by Kent was recognized as correct in Coots v. Yewell, etc., 95 Ky., 367, 16 R., 2, 25 S. W., 597, 26 S. W., 179; Herbert's Guardian v. Herbert's Ex'r, 85 Ky., 145, 8 R., 752, 2 S. W., 682. It is applicable to the facts of this case, because the tes-

tator did not dispose of the contingent remainder devised to his daughter, as the Baptist Male School did not exist, and the effect is exactly the same as if the testator had not attempted to make such devise. Suppose the contingent remainder in the 120 acres had been devised to a stranger, unquestionably the title to it would have vested in testator's daughter as his only heir at law. If the event contemplated did not happen, then she would not have been divested of the title which descended to her as the heir at law. In this case she was heir at law, and only in one way could she have been divested of that title, and that was, if the Baptist Male School had existed, and could have taken the property under the will. As the daughter was the heir at law and the devisee, the title and contingent remainder were vested in one and the same person. The title did not descend, on the death of the testator, to the descendants of his brother and sister, because they were not his heirs at law. There is a technical rule which recognizes a fee in abeyance, but that state of abeyance was always odious, and never admitted, but from necessity. Kent's Commentaries, vol. 4, p. 259. Such necessity does not exist in this case. The title was not in abeyance, but upon the death of the testator vested in his only child, who could only have been deprived of it by the remainder becoming effective which was attempted to be placed in the Baptist Male School, which failed.

The judgment is affirmed.