Case 17.—ACTION BY JAMES D. GILMAN AND OTHERS
AGAINST JAMES B. STONE AND OTHERS INVOLVING
TITLE TO LAND UNDER A DEVISE—JUNE 6.

## Gilman, &c., v. Stone, &c.

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

Judgment for Defendants  Plaintiffs appeal.  Af-
firmed.

Wills—Devise to Son—In Trust to his Descendants—Death of De-
scendant—Inheritance of Father and Mother—Devise by Hus-
band to Wife—Construction—Isaac S. Stone, by his will, de-
vised certain land to his son, Davis H. Stone, during his nat-
ural life, in trust for the support of himself, wife and children
living with him, and provided "at the death of my said son
said lands, devised to him in trust is to go to his descendants."
Testator left but one child, Davis H. Stone, who died without
a child or grandchild. He had one son, Isaac D. Stone, who
died without issue.  Davis H. Stone devised the land to his
wife, Annie R. Stone, who died intestate.  Held—That Isaac
D. Stone took a defeasible fee in remainder in the land subject
to be divested in part by the advent of children born to his
father thereafter.  At his death the title thus held by him went

to his father and mother by inheritance. No children thereafter being born to Davis H. Stone, the defeasible fee became absolute and whatever interest he had in it passed under his will to his widow, Annie R. Stone, and she having died intestate it passed to her next of kin.

W. O. BRADLEY, Atty. for appellants.
J. D. WICKLIFFE of counsel.

## POINTS AND AUTHORITIES.

1. In construing a will, the intention of the testator must control:—(Coleman, &c. v. Figg Trustees, 95 Ky. 49; Webb v. Webb, 12 B. M. 147; Daniel v. Thompson, 14 B. M. 663; Anderson v. Hall, 80 Ky. 91 Moran v. Dillehay, 8 Bush, 437; Baird v. Rowan, 1 Mar. 217; Moore v. Cross, 17 B. M. 740; Moore v. Howe, 4 Mon. 204; Burnside v. Wall, 9 B. M. 323; Hunt v. Johnson, 10 B. M. 334; Peynado v. Peynado, 82 Ky. 5.)

2. In construing a will, Chancellor must, as nearly as possible, place himself in the position of the Testator by considering the circumstances surrounding the Testator at the time of execution of will: (Price v. Hutchins, 98 Ky. 656.)

3. Grandson of Testator, I. D. Stone took a contingent remainder, subject to become complete on the happening of the contingencies named in the will: (Bouvier's Law Dictionary, title "Descendant"; Ward v. Crutcher, 15 B. M. 10; White's Trustees v. White, 86 Ky. 606; Section 4843 Ky. Statutes; Herbert's Ex., Herbert 85 Ky., 145,146,148 & 149; Coots v. Yewell, 95 Ky. 369; Newton v. Bapt. Theo. Sem., 24 Ky. Law R. 2310; Bohon v. Bohon, 78 Ky., 411; Miss Opie Tyler v. Jacob, quoted at page 486, 83 Ky.)

4. Action to quiet title cannot be maintained unless the party has both actual possession and title: Section 11, Ky. Statutes.

5. Real estate descends to heir, not to Administrator, and Administrator has no power to rent the same: (Thomasson v. Lucas, 4 Ky. L. R. 889; Eastin v. Hatchitt, 15 Ky. L. R. 780.)

JOHN S. KELLY for appellee.

## QUESTIONS AND AUTHORITIES.

On the death of the testator Isaac D. Stone the title to the land devised in remainder passed to his son Davis H. Stone under the fifth clause of his will or as his heir at law, or vested in Davis H. Stone's child, and on his death descended to Davis Stone and his wife. The title was never in abeyance. Appellants could not inherit from Isaac D. Stone because they were not his heirs at

law, Davis H. Stone was as his only child. (Ky. Stat. Sec. 4843; Herbert's Gdn &c. v. Herbert's ext. 85 Ky., 138; Coots v. Yewell &c. 95 Ky., 369; Kents Com. Vol. 4 p, 257; Newton &c. v. Sou. Baptist Theo. Seminary 24 L. R., 2310.

OPINION BY JUDGE PAYNTER—Affirmed.

The title to 550 acres of land is involved in this action and to determine where it rests it is necessary to construe a clause of the will of Isaac S. Stone, which reads as follows: "I devise to my son Davis Henry Stone during his natural life in trust for the support of himself, wife, and children living with him, my farm on the east side of Bloomfield & Springfield Turnpike road including the lands I purchased of Settles, Brown, and Hinkle, and which is all the lands I own on the east side of said road except the Lewis lands devised in the third clause of my will. At the death of my said son, the said lands devised to him in trust, is to go to his decendants. In the event that any of the children of my said son should die before they are 21 years of age without leaving issue living at the time of their death, then their portion of the lands so devised in this and the third clause of my will is to go to the surviving brothers and sisters and the children, if any, of those that may be dead." The will was executed in 1869, and the testator died in 1873. He left one child Davis H. Stone, who died in 1903 without a child or grandchild. Davis H. Stone had one son Isaac D. Stone, Jr., who died without leaving issue. Davis H. Stone devised the land in controversy to his wife, Annie R. Stone, who died intestate in 1904. This controversy arose between the kindred of the testator Isaac D. Stone who would have inherited his estate had he died without descendants and the kindred of Annie H. Stone who inherited her estate. For the former it is insisted that Davis H. Stone never had any interest in the land except a life estate and therefore he could

not devise the land to his wife; that Isaac D. Stone, Jr., took a contingent remainder in the land; that the contingency never happened, therefore, he never was vested with the title to it; that the title remained in abeyance, in the clouds, until the death of Davis H. Stone when the appellants the next of kin to the testator Isaac D. Stone became vested by inheritance with the title to the property. It is contended by appellees that when Isaac D. Stone, Jr., was born he became vested with a defeasible fee in remainder and being the only issue of Davis H. Stone he took the entire fee subject to be divested in part by an after-born child or children. It is further contended that if this is not the case, then the son Davis H. Stone took the land by the fifth clause of the will as residuary legatee. It is also further contended for the appellees that if the foregoing positions are not maintainable, then as Davis H. Stone left no descendants that the devise of the remainder failed and it passed as in case of intestacy under section 4843, Ky. Stat. 1903, and descended to Davis H. Stone as the heir at law of the testator.

The testator manifested the intention that the land should go to his descendants. He had but one son and it was his purpose to provide for the children of that son or their issue. The testator had no thought of permitting the title of the property to vest in any one except his descendants. The title to the poperty vested in some one upon the death of the testator. There was some one in existence to take it under the devise or as an heir at law. If it was a contingent remainder the title vested in Davis H. Stone only to be divested upon the birth of children. If none were born to him he would have continued to hold the title to the property as an heir at law. If no one came into being at whose birth he would be divested of the title, then at his death he was the owner of the property and had the right to dispose

of it by will.  We are of the opinion that Isaac D. Stone took a defeasible fee in remainder subject to be divested in part by the advent of children born to his father thereafter.  At his death the title thus held by him went to his father and mother by inheritance.  They thus took a defeasible fee to the property subject to be defeated by the birth of a child to Davis H. Stone thereafter.  No children thereafter being born to Davis H. Stone, the defeasible fee became absolute, and whatever interest he had in it passed under his will to his widow Annie R. Stone.  We have reached the above conclusion after an examination of the cases of Walters v. Crutcher, 15 B. Mon. 10; White's Trustee v. White, 86 Ky. 606, 9 Ky. L. R. 757; 7 S. W. 26; Herbert's Guardian v. Herbert's Ex'r. 85 Ky. 145, 8 Ky. L. R. 752; 2 S. W. 682; Coots v. Yewell, 95 Ky. 369, 16 Ky. L. R. 2; 25 S. W. 597, 26 S. W. 179; Newton v. Bapt. Theo. Sem., 115 Ky. 414; 74 S. W. 180, 24 Ky. Law Rep. 2310; Bohon v. Bohon, 78 Ky. 411.

The judgment is affirmed.