ALFRED A. FREEMAN, as Executor, etc., Appellant, v. HARRIET A. COIT et al., Respondents.

| | |
|---|---|
| 96 | 63 |
| 152 | 487 |
| 96 | 63 |
| 154 | 213 |
| 154 | 286 |
| 96 | 63 |
| 156 | 435 |

Where an interest is given in one clause of a will, it cannot be cut down or taken away by raising a doubt from other clauses, but only by express words or by clear and undoubted implication.

The will of S., after certain legacies, gave, in case of her leaving any child or children her surviving, two-thirds of her residuary estate to her executors in trust for the benefit of such child or children until of age, with remainder in fee to the child or children on arrival of age; the remaining one-third was given to her husband and mother, to be equally divided between them. The will then provided that in case of the death of all the children of the testatrix (if she had any), after her death and before they became of age, her husband should receive, out of her estate in full of all claims under the provisions of the will, the sum of $20,000 theretofore loaned to him by the testatrix, and the residue was given to her mother. In case she left no surviving children the testatrix gave to her husband said $20,000 and the residue of the estate to her mother. The testatrix died leaving her husband, one child, an infant, and her mother surviving. In proceedings for an accounting by the executors, held, that the clause providing for the case of the death of the children under age was solely intended to dispose in that event of the two-thirds previously given to them, and did not affect the gift of the one-sixth to the mother, and that she took an absolute title to said one-sixth upon the death of the testatrix; also held, that there was no error in taking as the basis of the accounting, for the purpose of determining the one-sixth interest, the aggregate of the principal and interest of the whole estate up to the time of the surrogate's decree, after deducting therefrom the debts, legacies and expenses of administration.

The surrogate disallowed the claim of the mother of the testatrix to said one-sixth, and directed the whole residuary estate to be invested and retained by the executor until the infant child died or became of age; the mother did not appeal. The executor appealed in 1880 from other parts of the decree. In her answer to the appeal, the mother alleged said portion of the decree to be erroneous. Held, that the General Term had jurisdiction to review and to reverse said decision. (Rule 42 of Supreme Court of 1878; Code of Civ. Pro., § 2587.)

(Submitted April 18, 1884; decided May 6, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 23, 1883, which modified and affirmed as modified a decree of the surrogate of the county of New York, upon the

accounting of Alfred A. Freeman as executor of the will of Sarah A. Freeman, deceased.

The testatrix died in December, 1876, leaving her husband, Alfred A. Freeman (the executor), her mother, Harriet A. Coit, and one daughter, Florence A. Freeman, then an infant about three years old, her surviving.

The will of the testatrix, after providing for the payment of certain legacies, contained these clauses:

"II. In case I shall leave me surviving any child or children, I give, devise and bequeath to my executors hereinafter named two-thirds of the property, both real and personal, of which I shall die possessed, to be by them invested in bond and mortgage of real estate, in trust, to pay to and for the support, maintenance and education of such child or children, the income thereof, and to pay to such child or to such children the principal and all accumulation thereof when such child or children shall, respectively, attain the age of twenty-one years.

"And I give, devise and bequeath to my husband, and to my mother, Harriet Amelia Coit, the other one-third of my property, both real and personal, to be equally divided between them.

"But in case of the death of all my children (if I shall have any) after me and before attaining the age of twenty-one years, it is my will that my husband shall receive out of my estate in all and in full of all right or claim thereon, under the provisions of this will or otherwise, the sum of twenty thousand dollars ($20,000) heretofore loaned to him by me and still unpaid, and the residue of my estate, both real and personal, I give, devise and bequeath to my mother, and to her heirs at law, in case she be not then living.

"Nothing in this section contained shall be construed as revoking the legacies given by the first section of this will.

"III. In case I shall leave no children me surviving, I give and bequeath, after the payment of the legacies herein first mentioned, to my husband the sum of twenty thousand dollars ($20,000) heretofore loaned to him by me and still unpaid, and all the rest and residue of my estate, both real and personal,

and wherever situated, I give, devise and bequeath to my mother, Harriet A. Coit."

Upon the accounting Mrs. Coit claimed that she was entitled to one-sixth of the residuary estate. This claim was disallowed by the surrogate, who directed the investment of the whole residuary estate and that the same be kept invested until the death or arrival of age of Florence, the daughter of the testatrix; if she attained the age of twenty-one, then the executor was directed to pay to Mrs. Coit one-sixth with the accumulations of the interest thereon; if Florence died before becoming of age the executor was directed to retain $20,000, and to pay the residue of the estate to Mrs. Coit or in case of her death, to her heirs at law. The decree was made in July, 1880. The executor appealed in August, 1880, from portions thereof other than that above specified. Mrs. Coit did not appeal, but in her answer to the petition of appeal, alleged error in the decision of the surrogate as to her one-sixth. It was objected that the General Term had no jurisdiction to review the decree in this particular, as there was no appeal therefrom. The General Term, in its opinion, says upon this point: " While the respondents have not appealed from it, they are still at liberty to specify any item in the account as to which they believe the decree to be erroneous against them. This is allowed by Rule 51 (Rule 42 of 1878) of the Supreme Court Rules, which was in force at the time this appeal was taken; and the provision made by it upon this subject is sufficiently broad to provide all the means of correction required in the disposition of this appeal. And a like authority, although not so specific in its terms, has also been provided by section 2587 of the Code of Civil Procedure." Further facts appear in the opinion.

*Charles M. Hall* for appellant. In the construction of a will effect is to be given, if possible, to all its provisions; no clause is to be rejected, and no interest intended to be given is to be sacrificed on the ground of repugnancy, when it is possible to reconcile the provisions which are supposed to be in conflict. Subsequent clauses are not to be deemed incompatible with, or

repugnant to prior clauses therein, where they may take effect as qualifications of the latter without defeating the intention of the testator in making the prior gift. (*Taggart* v. *Murray*, 53 N. Y. 233; *Norris* v. *Beyea*, 13 id. 280; *Sweet* v. *Clark*, 2 id. 73; *Tyson* v. *Blake*, 22 id. 559; 4 Kent, 535, note; *Stickles, Appeal*, 29 Penn. St. 234; *Bliven* v. *Seymour*, 88 N. Y. 469, 476, 477.) An intent, inferable from the language of a particular clause of a will may be qualified or changed by other portions of the will, evincing a different intent. (*Hoppock* v. *Tucker*, 59 N. Y. 202, 209, 211; *Norris* v. *Beyea*, 3 id. 273, 284; 4 Kent's Comm. 268; 6 Cruise's Dig., tit. 38, ch. 17, § 2; 1 Fearne's Cont. Rem. 399; *Wells* v. *Wells*, 88 N. Y. 323, 331; *Tyson* v. *Blake*, 12 id. 558, 560, 563; *Smith* v. *Bell*, 6 Pet. 68.) The whole will be considered in its bearings upon each clause, and effect will be given to each disposition, unless it is entirely repugnant to some other clause. (Wigram on Wills, Part 2, p. 29, § 5; *Pond* v. *Bergh*, 10 Paige, 152; *Smith* v. *Bell*, 6 Pet. 68.)

*F. E. Dana* for respondents. Where an estate is given in one part of a will in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate. (*Roseboom* v. *Roseboom*, 81 N. Y. 356; *Thornhill* v. *Hall*, 2 C. & F. 22; *Cowenhoven* v. *Shuler*, 2 Paige, 122; *Campbell* v. *Beaumont*, 91 N. Y. 1164; *Smith* v. *Van Ostrand*, 64 id. 278; *Tyson* v. *Blake*, 22 id. 558; *Parsons* v. *Best*, 1 T. & C. 211; *Clark* v. *Leupp*, 88 N. Y. 228; *Foose* v. *Whitmore*, 82 id. 405; *Howard* v. *Carusi*, 29 Alb. L. J. 166.) That scheme of construction is to be followed which harmonizes all the provisions of the will, and carries out the intention of the testator. (*Phillips* v. *Davis*, 92 N. Y. 299; *McLean* v. *Freeman*, 70 id. 82; *Prevost* v. *Prevost*, id. 141, 144; 2 Jarman on Wills [5th Am. ed.], 706, 707.) The intentions of the testator, so far as they can be drawn from the instrument and are not in conflict with its express provisions, must control the construction. (*Roseboom* v. *Roseboom*, 15 Hun, 309; *Hulton* v. *Burkard*, 92 N. Y. 302;

*Phillips* v. *Davis*, id. 199.)    Alfred A. Freeman is not indi-
vidually, nor in his capacity of executor, aggrieved by the judg-
ment of the Supreme Court, so as to be entitled to maintain an
appeal therefrom.    (Code of Civ. Pro., § 1294; *Matter of
Weston*, 91 N. Y. 502, 514.)  If a specific legacy does not exist
at the death of the testator, it is addeemed without regard to
the intention of the testator or the hardship of the case, and is
addeemed *pro tanto* on payment of part of the amount. (*Peck*
v. *Gillies*, 9 Barb. 35; *McNaughton* v. *McNaughton*, 34
N. Y. 201; *Langdon* v. *Astor's Ex'rs*, 16 id. 39 : *Vandemark*
v. *Vandemark*, 26 Barb. 16; *Brown* v. *Brown*, 16 id. 569;
*Adams* v. *Winne*, 7 Paige, 27.)  The Supreme Court had the
right to review the decree of the surrogate.  (Code, §§ 3349,
3347, sub. 11, as amended April 16, 1883; *Cox* v. *Schermer-
horn*, 18 Hun, 6; *Rose* v. *Rose*, 6 id. 80.)    The Supreme
Court could examine into all the questions raised on the facts as
well as the law, and make a final determination of the contro-
versy.  (*Schenck* v. *Dart*, 22 N. Y. 420 ; *Caujolle* v. *Ferrie*,
23 id. 90; *Robinson* v. *Rayor*, 28 id. 494; *Clapp* v. *Fullerton*,
34 id. 195; Code, § 2587.)

ANDREWS, J.   The primary devise to Mrs. Coit was of the
one-sixth part of the real and personal estate of the testatrix.  The
words "I give, devise and bequeath to my husband and to my
mother, Harriet A. Coit, the other one-third of my property both
real and personal, to be equally divided between them," in the
second section of the will, import a present absolute gift to the
husband and mother as tenants in common of the one-third part
of the estate.    The claim that by the subsequent clause in the
same section the prior devise to Mrs. Coit is made contingent
upon the event of the testatrix's surviving child or children
attaining their majority, cannot be sustained.

It is undoubtedly true that an interest given in one clause
of a will, in terms denoting an absolute estate, may, by force
of a subsequent clause, be qualified by a limitation over in a
certain event, or be cut down or made to take effect only on a
contingency.  This is but the application of a familiar rule,

that the construction of a will or other instrument is to be made upon the whole words and not upon a part only, and that a particular word or clause may, in the light of other words or clauses, mean more or less than it imports, considered singly or by itself alone. (*Taggart* v. *Murray*, 53 N. Y. 233.) But there is another rule of construction of equal force and not inconsistent with the one just stated, and that is that when an interest is given or an estate conveyed in one clause of an instrument, it cannot be cut down or taken away by raising a doubt from other clauses, but only by express words or by clear and undoubted implication. (*Thornhill* v. *Hall*, 2 Cl. & Fin. 22 ; *Roseboom* v. *Roseboom*, 81 N. Y. 356.)

The intention imputed to the testatrix to take away the interest given to her mother by the primary devise in the event of the death of her children under age, and to substitute therefor a gift of a residue only of her estate after canceling the debt of $20,000 against her husband, attributes to her a change of purpose not naturally growing out of the event upon which the substituted disposition is predicated. The testatrix, by the first clause of the second section of the will, creates a trust estate as to two-thirds of her estate, during the minority of the children, for their benefit, with a remainder in fee to the children on their attaining twenty-one years of age. This is followed by the devise of the other third to the husband and mother. The contingency of the death of the issue of the testatrix before age is next provided for. There is no express revocation of the prior gift to the mother in case of the children dying under age. The testatrix clearly did not intend to diminish the interest of the mother in case of the death of the children under age. She gave the mother one-sixth of her estate as against both the husband and children. It would be very unreasonable under the circumstance to suppose that the testatrix intended to take it away or make it contingent for the benefit of her husband, on the death of the children under age. The event she was providing for was the death of the children under age, and we think the clause in question

was solely intended to dispose, in that event, of the two-thirds of the estate previously given to them, and that the residue given by that clause to the mother was the residue of the two-thirds remaining after paying the husband the $20,000 as therein provided. This construction is the most natural one, and harmonizes all the provisions of the will.

The terms of the disposition in the event of the children dying under age after the death of the testatrix, at most, raise a doubt whether the prior gift to the mother was intended to be affected. It is true that in one event the mother was to take no interest except after her husband should receive the $20,000, and that event was the death of the testatrix without leaving issue surviving, as provided in the third section. But the evidence tends to show that as the property was valued by the testatrix, the residue given to the mother by the third section would amount to at least one-sixth of the estate. But an intention to prefer the husband to the mother in the event of the death of the testatrix leaving issue, and their subsequent death under age, cannot be imputed without abrogating the express provision that in the event of the death of the testatrix leaving issue, the issue should take two-thirds, and the husband and mother one-third of her estate. The second alternative provision is certainly capable of a construction applying it only to the two-thirds of the estate in the event of the children dying before the period when the remainder to them was to vest in possession. This construction prevents the destruction of the estate vested in the mother by the prior clause, while the appellant's construction would postpone any benefit to the mother for an indefinite period, when the clear intention was to give her a present absolute interest. The closing provision in the second section that nothing therein contained should be construed as revoking the legacies given by the first section, was inserted for abundant caution, to exclude the inference of a revocation of the legacies by implication from the general words in the second section purporting to devise the whole estate. The omission of a similar saving clause in respect to the devise to the mother, in the

event of the alternative disposition in the second section taking effect by the death of the children under age, does not justify the inference that the testatrix intended that upon the happening of that event the primary devise should be revoked. The same reason did not exist for such a provision as in the case of the legacies. The mother's rights depend upon the second section, and by the settled rules of construction no intent to revoke the primary devise to her can be gathered from its provisions. We are of opinion that the General Term correctly adjudged that Mrs. Coit on the death of her daughter, took an absolute estate in the one-sixth part of the real and personal property of the testatrix.

The point that the General Term had no jurisdiction to reverse the decree of the surrogate on the question above considered, for the reason that the respondent did not appeal from the decree, which was adverse to her present contention, is sufficiently answered in the opinion of the General Term.

We think there was no error in compelling the account of the one-sixth interest of Mrs. Coit, upon the aggregate of the principal and interest of the whole estate up to the time of the decree, after deducting therefrom the debts, and legacies, and expenses of administration.

There were other questions determined by the General Term not before us on this appeal. Those questions have not therefore been considered. We find no error in respect to the matters before us, and the judgment of the General Term should therefore be affirmed, with costs to the respondents against the appellant personally, and without costs to the other parties.

All concur. ·

Judgment affirmed.