Hardin, P. J.
By the third clause of the will executed by the testatrix in 1869, it is clear that it was her intent to “give, devise and bequeath” all of her real estate to her four daughters, or to their children, if either of her daughters should die during the lifetime of the testatrix leaving children.
The language is clear and explicit to amply vest in the four daughters the whole of the testatrix’s real estate, subject to the charge of $50 a year in favor of her son Amos.
Three months and sixteen days after the execution of the will the testatrix executed the codicil “ which, is to be taken as a part thereof as follows: I give and devise to my son Darwin and to my daughter Delphine S., equally, share and share and share alike, all of my real estate situate on south side of Main street in the city of Binghamton, being my homestead property, subject to all incumbrances thereon.”
We think the words of the codicil, to wit: “all of my real estate situate on the south side of Main street, in the city of Binghamton,” were used by the testatrix with the intent and for the purpose of carrying to her son Darwin and to her daughter Delphine all the real estate which she owned on the south side of Main street in the city of Binghamton. At the time of the execution of the codicil the property was occupied by the testatrix as a homestead, and the words “being my homestead,” seem to be added byway of a more full and complete description of the real estate of the testatrix. The devisees named in the codicil taking through or under the will necessarily took the same, subject to all incumbrances thereon, there being no contrary intent expressed by the testatrix.
*376 We are unable to see how the circumstance that she added to the phraseology which was adequate to carry the whole of her real estate on the south of Main street to the devisees named in the will, the words “ subject to all the incumbrances thereon,” that she thereby evinced any intent to restrict and cut down the force and effect of the words, “ all of my real estate situate on the south side of Main street, in the city of Binghamton,” to such portion of her real estate as actually was incumbered by the mortgage to her son Darwin, executed in 1868; although by that mortgage she had limited the description to the parcel “ six rods wide, from west to east, and sixteen rods deep, from north to south,” and had in the mortgage declared that-“the premises hereby conveyed are the homestead" premises-of the party of the first part.” She had not thereby declared that the other portion of the premises lying further south than sixteen rods from Main street were not a, portion of her homestead premises.
We recognize the rule that subsequent words of a will or of a codicil must clearly evince an intent to cut down an. estate where the prior words are sufficient to give the fee. Roseboom v. Roseboom, 81 N. Y., 356.
“It cannot be cut down or taken away by raising a doubt-from other clauses, but only by express words, or by clear and undoubted implication.” Freeman v. Coit, 96 N. Y., 63.
But we are of the opinion that it was the intent of the testatrix, by the use of the language found in the codicil, to give to her son Darwin and to her daughter Delphine“all of my (her) real estate situate on the south side of Main, in the city of Binghamton.”
The construction contended for by the appellant would require us to do violence to the language of the testatrix found in her codicil, wherein she describes the extent of her devises to her son Darwin and her daughter Delphine by the words “all of her real estate situate on the south side of Main, in the city of Binghamton.”
Inasmuch as we are of the opinion that the language of the codicil was used with the intent on the part of the testatrix to carry all her real estate to her devisees named in the codicil, it follows that the language is inconsistent with the devise named in the third clause of the will, and. therefore, the codical was a revocation of the language of the third clause. The codicil was a distinct, independent, subsequent testamentary instrument, evincing a clear intent to pass to the devisees named in the codicil the whole of her real estate. The third clause of the will was, therefore, revoked by the codicil. Barlow v. Coffin, 24 Howard’s Pr., 54.
*377 In that case the bequest to the widow is contained in the will, which is dated January 12, 1852. That to the children, under which the defendant’s claim, is contained in the codical, dated October 11, 1862.
The rule in such a case is well settled that “an inconsistent devise or bequest in the second of two testamentary papers is a revocation of the first. Thus, in case of a devisé in the same lands to two persons, while, if the devises- are' in the same instrument, the devisees may take jointly or in common; but if they are found in distinct testamentary instruments the latter is a complete revocation of the former.” Brant v. Wilson, 8 Cow., 56; Wilson v. Wilson, 32 Barb., 328.
We think the last disposition made by the testatrix in her codicil operated upon the whole of the real estate owned by her at the date of her death. See Jarman on Wills, 156 and 158.
These views accord with the opinion of Mr. Justice Martin, delivered at special term; and the result reached by him should be sustained.
Judgment affirmed, with costs against appellant.
Follett, J., concurs; Martin, J., not sitting.