## JOHNS HOPKINS UNIVERSITY

*vs.*

## JOHN W. GARRETT ET AL.

## MARTHA CAREY THOMAS

*vs.*

## JOHN W. GARRETT ET AL.

## SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, COMMITTEE OF H. S. GARRETT,

*vs.*

## JOHN W. GARRETT ET AL.

*Wills: general devise of real property; construed to carry the fee.*

Under Chapter 119 of the Acts of 1825 (Code, Article 93, section 327), a general devise of land or real property is to be construed as carrying the whole and entire estate of the testator, unless by words of limitation or otherwise it appears that a lesser estate or interest was intended.                    p. 347

In construing wills, effect is to be given to the intent of the testator rather than to frustrate the intent by applying a strictly technical meaning to the language used, unless such intent contravenes some principle of law.                    p. 348

*Decided April 7th, 1916.*

Three appeals from the Circuit Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The causes were argued together before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*D. K. Este Fisher, Chas. McHenry Howard* and *John G. Johnson* (of the Philadelphia bar), for the appellants.

. *Edward Guest Gibson* and *Frank Gosnell,* for the appellees. .

*Geo. Weems Williams,* for the Committee of the estate of Henry S. Garrett, one of the heirs at law of John W. Garrett.

STOCKBRIDGE, J., delivered the opinion of the Court.

When John W. Garrett died on the 26th September, 1884, he left surviving him four children, Robert Garrett, T. Harrison Garrett, Mary Elizabeth Garrett and Henry S. Garrett. The last named of these was then, and for a long time had been, *non compos mentis,* as appears from the agreement of counsel filed in this case.

A little more than a month before his death John W. Garrett executed a will, under which there passed by the residuary clause a real and personal estate appraised at over $8,000,000. By the first clause of his will he gave to his sons Robert and T. Harrison and to his daughter Mary Elizabeth all of his estate and property (with the exceptions named) upon certain specific trusts, the first of which was that contained in the fifth clause of his will, "To pay, at such times as may be proper, during the life of my son, Henry S. Garrett, the yearly sum of $3,000, or such amount as may be necessary for his maintenance, care and comfort."

The exceptions named in the opening part of the will are those contained in the first four clauses of his will, and are as follows: .

"First—I give, devise and bequeath to my son Robert Garrett, the dwelling No. 71 Mount Vernon Place, in the City of Baltimore.

"Second—I give, devise and bequeath to my son Thomas Harrison Garrett, the property in Baltimore County known as 'Evergreen,' including twenty-five (25) acres, more or less.

"Third—I give, devise and bequeath to my daughter Mary Elizabeth Garrett, free from the control of any husband she may hereafter have, and after her death, to any child or children the said Mary Elizabeth Garrett may hereafter have, the following properties, with all the furniture, plate, pictures and other household effects contained in each and all of them, together with all my horses used for family purposes, and carriages, harness, etc., namely, my dwelling house at the southwest corner of Monument and Cathedral Streets, in Baltimore City; also my country house, situated on the Hillen Road, in Baltimore County, with the land thereto attached, connected with the home and place of Montebello, making part of that residence, or used in connection therewith; and also the cottage, known as the Garrett Cottage, at Deer Park, in Garrett County, Maryland, with four (4) acres of land connected therewith.

"Fourth—I give to my sister Elizabeth B. Garrett, the dwelling No. 50 Mount Vernon Place, in the City of Baltimore, as well as the furniture, horses, etc., connected therewith."

After certain trusts set out in the sixth and seventh clauses of his will, and which were in the nature of charitable bequests, he directed his trustees as to the manner of dealing with the stock of the Baltimore and Ohio Railroad, and the division of the income expected to accrue therefrom, among his three children, Robert, T. Harrison and Mary E., in equal parts, and upon the expiration of twenty years from the date of his death, that there shall be conveyed, assigned and delivered to the said three children, Robert, T. Harrison and Mary E., each one-third of the rest and residue of his real and personal property.

The present contention has to do with the proper construction to be placed upon the third clause of Mr. Garrett's will already quoted.

Mary Elizabeth Garrett never married, and died in the early part of 1915, without having had any child or children. At her death she left a will disposing of all of her property, including that specified in the third clause of her father's will, treating it as being her absolute property.

This is a bill filed by the administrator *d. b. n.* and *c. t. a.* of John W. Garrett, and the legatees under the wills of Robert Garrett and T. Harrison Garrett, and by the Safe Deposit and Trust Co. as committee of the estate of Henry S. Garrett, against the legatees under the will of Mary Elizabeth Garrett, and the Court is asked to declare that by the third clause of the will of John W. Garrett, the estate given to his daughter Mary Elizabeth Garrett was a life estate only and, therefore, not a species of estate over which she could exercise the power of testamentary disposition, but that the same passed under the residuary clause of the will of John W. Garrett.

This construction is opposed by Martha C. Thomas and the Johns Hopkins University, the legatees under the will of Mary E. Garrett. The position of these parties is that the estate of Mary E. Garrett, as given by the will of John W. Garrett, in so far as the property mentioned in the third clause of his will was concerned, was a fee simple interest, defeasable upon the leaving of children by Mary E. Garrett.

The attitude of the Safe Deposit and Trust Company, committee, is that the estate given to Mary E. Garrett, was a life estate only, in the property mentioned in the third clause of her father's will, and that upon her death without children, there resulted a case of partial intestacy which affected this property, and that by reason of such intestacy it should be divided into fourths, among the heirs at law of John W. Garrett, and that an undivided one-fourth interest passed to the Safe Deposit Company, as the committee of Henry S. Garrett.

The case was most fully and learnedly argued, and the briefs as filed were replete with citations of authorities bearing more or less directly upon the questions involved. In the view taken by this Court, it is not necessary to consider in detail all of the numerous decisions cited.

By the Act of 1825, Chapter 119, codified as section 327 of Article 93 (Code 1912), it is provided:

> "In every will whereby any lands or real property shall be devised to any person and no words of perpetuity or limitation are used in such devise, the devisee shall take under and by virtue of such devise the entire and absolute estate and interest of the testator in such lands or real property, unless it shall appear, by devise over or words of limitation or otherwise, that the testator intended to devise a less estate and interest."

The effect of this enactment was to reverse the rule of the common law as set out in *Beall* v. *Holmes,* 6 H. & J. 208, under which a general devise without words of limitation operated to pass a life estate. Numerous decisions were cited from Pennsylvania, where devises somewhat similar were held to create a life estate only. The most analagous to the present being *Oyster* v. *Knull,* 137 Pa. 448. But in this and all of the other Pennsylvania cases cited, and the case of *Hague* v. *Hague,* 161 Pa. St. 643, the decision had been based upon cases adjudicated in that State, there apparently being no statute in force there operating to the same effect as our Act of 1825. In quite a number of the cases referred to the testators had either by express terms or by apt language shown a clear intent that the devisee should take a life estate only. Such decisions afford little or no aid in the present case. Two of the cases apparently greatly relied on by the appellees were *Stump* v. *Jordan,* 54 Md. 619, and *Hall* v. *Gradwold,* 113 Md. 293, but in each of these cases the language used by the testator had been such as to make it certain that the intent had been to devise a life

estate only, and they can not for this reason be regarded as controlling in a case like this.

In New York and New Jersey the rule is thoroughly well established, that where an estate is given in clear and decisive terms, such estate can not be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by any inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate. *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Freeman* v. *Coit,* 96 N. Y. 63; *Gulick* v. *Gulick,* 25 N. J. Eq. 324; *Kimball* v. *White,* 50 N. J. Eq. 28, and cases collected in note in 23 L. R. A. 129. In the case of *Backus* v. *Presby. Asso.,* 77 Md. 50, it was said, that if the word estate which had been employed in the devise in that case was not sufficient to carry to and vest in the daughter a fee simple estate as being equivalent to words of limitation of that estate in respect to realty, the Statute of 1825 would certainly have that effect. BUCHANAN, J., said in *Beall* v. *Holmes,* 6 H. & J. 208: "It is settled by an uninterrupted series of adjudications from an early period of judicial history to the present day, that the word estate in a devise is equivalent to words of limitation and sufficient to pass the fee simple when not restrained by other words, nor appearing to be used by the testator as descriptive only of the local situation of the land, and so upon the same principle will any other word having the same import."

In this case as in every other the cardinal rule of construction is that which seeks to give effect to the intent of the testator, rather than to frustrate that intent by imposing upon the language used a strictly technical meaning, and that intent, if it can be ascertained, will always be given effect, unless it plainly contravenes some principle of law. The Judge of the Circuit Court of Baltimore City, in deciding this case, based his decision entirely upon what he regarded as the intent of the testator appearing upon the face of the will, and held that the estate of Mary Elizabeth Garrett in the three pieces of property enumerated in the third clause,

amounted to a life estate only, and upon her death it passed to the residuary legatees under John W. Garrett's will. That intent, apparently, was derived chiefly from the use of the pronoun "my" in connection with the residence at Monument and Cathedral streets, the property on the Hillen road and in Garrett County.

It is to be noted, however, that the language used in making the devises in the first, second and third clauses is identical, when it says: "I give, devise and bequeath to *my* son" Robert Garrett; "I give, devise and bequeath to *my* son Thomas Harrison Garrett," and "I give, devise and bequeath to *my* daughter Mary Elizabeth Garrett." In the bequests contained in the ninth and tenth clauses of his will he placed all three of his children upon an exact equality, he named them all as Trustees, and with the exception of the specific devises contained in the first three clauses he had shown no preference for one over another.

The bequest in the fifth clause, for the benefit of his son Henry S. Garrett, did differ materially, but the reason for such difference is clearly apparent. Henry S. was at the time, and always had been, mentally deficient, incompetent to manage his own affairs, and was, therefore, to be placed upon an entirely different footing from the other children. This was done by providing for him an annuity sufficient in amount, as Mr. Garrett believed, to amply "provide for his maintenance, care and comfort."

When Mr. Garrett's will was drawn both of his sons, Robert and Thomas Harrison, were married. They were not inmates of the testator's household. In the case of his daughter, Mary, the situation was different; she was unmarried, and then made, as she always had, her home with her father, alike at his city residence on Monument street, at his country residence of Montebello, and at his cottage at Deer Park, in Garrett County, when he went there. By the first clause of his will he gave to his son Robert a home in the city, but not the home which the testator was then occupying; by the second clause he gave to his son Thomas Harri-

son a home in the suburbs of the city, of which likewise the testator had not been in the personal occupancy. The three pieces of property mentioned in the third clause were the three pieces of property which had been occupied as a home by himself and his daughter Mary, and this difference may well account for the use of the pronoun "my" in connection with the three properties given to Mary.

There is no contention that the devises contained in the first and second clauses gave to the devisees therein named other than an absolute fee simple estate. There is nothing in the other portions of the will to indicate any desire or intent upon the part of Mr. Garrett to treat one of his children differently from the other two. In fact the provisions of the ninth and tenth clauses under which the great bulk of his estate passed show a clear purpose to treat them all equally, and to say that the language of the third clause discloses a clear intent to give to his daughter Mary Elizabeth Garrett a home by a less absolute tenure than the homes were given to his two sons, Robert and T. Harrison, must therefore be deduced solely from the phraseology of the third clause. To give the language such a construction would operate to create an inequality in the estates in the property devised to them, while the whole import of the will was one of equality between his three children.

The language of the statute must necessarily control the character of the estate devised, and that character can only be diminished from an entire and absolute estate, by finding that the testator has used language clearly showing an intent on his part to devise a less estate and interest, and as was said by the Lord Chancellor, in *Thornhill* v. *Hall*, 2 Clark & Fin. 22, such an estate "can not be taken away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by any inference therefrom, nor by any subsequent words that are not as clear and decisive as the words giving the estate."

The argument was made that the effect of such a holding would be to carry into the hands of strangers certain por-

traits, plate and heirlooms of the family. This is undoubtedly true, but the argument is one founded rather on sentiment than on law. If Mr. Garrett had wished that such articles should pass in a particular channel, it was entirely competent for him to have so provided in his will, but he made no provision of that kind. And it must be assumed that the law as applicable to wills was known both to Mr. Garrett and to the draftsman of his will, which was framed by no unskillful hand.

This Court is unable, therefore, to adopt the view of the painstaking and careful Judge of the Circuit Court before whom this case was tried, but must hold that under the will of John W. Garrett, his daughter, Mary Elizabeth Garrett took an absolute fee simple estate in the real property devised to her under the third clause of her father's will, defeasable. however, by the birth of a child or children to the said Mary Elizabeth Garrett, and the decree appealed from must be reversed and the cause remanded to the end that a decree may be entered in conformity with this opinion.

In view of the conclusion reached with regard to the nature of the estate devised by Mr. Garrett to his daughter, it is unnecessary to pass upon the other questions presented to and ably argued before this Court in conection with the proper construction of his will.

> *Decree reversed, the costs in the three appeals*
> *to be paid out of the estate of Mary Eliza-*
> *beth Garrett.*