S. J. JOHNSON *et al. v.* W. J. BREEDING *et al.*

(*Nashville.* December Term, 1916.)

**ASSIGNMENTS.    Conveyance of "expectancy."    "Right of heirs on failure of grantor to inherit.**

As the "expectancy" of an heir apparent is the bare, inchoate hope of succession, and has no attribute of property, where deceased by warranty deed conveyed his expectancy as heir of his mother, but predeceased her, his children, although taking by right of representation through him, took by inheritance immediately from the grandmother, and were not bound by the covenant of warranty in the deed executed by the deceased to relinquish to his grantee the property involved as after-acquired property.

Cases cited and approved: In re Robbins' Estate, 199 Pa., 500; Habig v. Dodge, 127 Ind., 31; Bohon v. Bohon, 78 Ky., 408.

Cases cited and distinguished: Taylor v. Swafford, 122 Tenn., 303; Sedgwick v. Minot, 6 Allen (Mass.), 171.

---

FROM PUTNAM.

---

Appeal from the Chancery Court of Putnam County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court— A. H. ROBERTS, Chancellor.

BRYANT & CLOUSE, for plaintiffs.

H. CAMP and O. K. HOLLADAY, for defendants.

Mr. Justice Williams delivered the opinion of the Court.

The bill of complaint was filed by the minor children of J. L. Johnson, by a next friend, to have canceled as a cloud on their title a deed executed by their father in which he conveyed to Breeding his expectancy as an heir apparent in the realty of his mother, complainants' grandmother, Fannie Johnson.

It appears that this deed was executed in good faith, based on a fair valuable consideration; and was one of general warranty. J. L. Johnson predeceased his mother, and it is the contention of complainants that thereby his expectancy failed of realization; and, instead, the estate that he would have inherited had he survived his mother passed immediatedy to them as heirs at law of their grandmother, with result that Breeding as grantee took nothing. The chancellor and the court of civil appeals upheld this contention, and we are asked to review the decree of the last-named court.

"Expectancy" is the bare hope of succession to the property of another, such as may be entertained by an heir apparent. Such a hope is inchoate. It has no attribute property, and the interest to which it relates is at the time nonexistent and may never exist. *In re Robbins' Estate*, 199 Pa., 500, 49 Atl., 233; *Taylor* v. *Swafford*, 122 Tenn., 303, 308, 123 S. W., 350, 25 L. R. A. (N. S.), 442; 9 R. C. L., 135.

However, it is now generally held that an heir apparent's conveyance of his expectancy by deed may, in

certain circumstances, be enforced in equity; not, however, on the theory that the grant is one of a present interest or right, but on the theory that the deed is an executory agreement to convey, enforceable as such, or the claim of the grantee worked out by way of estoppel, when the estate comes to the grantor.

Although the grantor has not at the time of the conveyance any right, yet the property on its subsequent acquisition inures to the use of the grantee; or, in the language of Lord Coke, the grantor shall be rebutted and barred when he shall claim against his own warranty.

In this case there was not a subsequent acquisition by the grantor, J. L. Johnson. By reason of his death prior to his mother's he never came to be an heir real; what had been an expectancy was predicated of heirship apparent and it perished without fruition.

The law cast the descent on his children on the death of J. L. Johnson, as the heirs of Fannie Johnson immediately, and not mediately through or under him. The relationship of these children to Fannie Johnson came through their father, but the title or descent cast did not.

If persons take an estate by inheritance from such a remote ancestor by right of representation of a nearer ancestor, they cannot be regarded as taking by inheritance from the latter within the meaning of the statute of descent, since it never became his.

In *Sedgwick* v. *Minot,* 6 Allen (Mass.), 171, the claim was that the children must be deemed to have take unnder their mother, who predeceased the grandmother, the estate of the latter. The court said:

"In determining who were the heirs of their grandmother, the statute made them entitled to take the share which their mother would have taken, if she had lived, as representing her in the line of descent; but the inheritance was directly from the grandmother. The representation of their mother is only to fix the share which they shall inherit."

Such heirs of the remote ancestor are not affected by the warranty in the deed executed by their father to Breeding, which conveyance concerned his, and not their, expectancy. *Habig* v. *Dodge,* 127 Ind., 31, 38, 25 N. E., 182; *Bohon* v. *Bohon,* 78 Ky., 408; Rawle, Covenants, sec. 254.

Counsel of petitioner Breeding quote and rely upon this excerpt from *Taylor* v. *Swafford,* supra:

"Where it is found that the contract of an expectant has been fairly made and upon a valuable consideration, it will be enforced, as against the grantor and his privies, whenever the property covered by it comes into possession."

This means that the heirs of the grantor as privies are bound by his conveyance after the property has come into the grantor's possession; his warranty binding them. The complainants, as heirs of their father, the grantor, are not bound by his covenant of

warranty to relinquish to his grantee the property here involved as after-acquired property. They do not, as already seen, take it under or as heirs of the grantor, but from a distinct source; and any such estoppel fails to reach to such an interest.

Writ of *certiorari* denied.