## Brown v. Blackwell, et al.

(Decided January 25, 1918.)

### Appeal from Jefferson Circuit Court (Chancery Division No. 2).

1. Wills—Heirs—Nature of Estates and Interests Created.—Where land is devised to one for life and at his death it is to be divided equally between his four children living at the death of the tes-tator, or to their heirs, the word heirs is a word of limitation, and not of purchase, and it will be read in its proper legal sense unless there is something in the will showing that the testator did not use it in that sense.

2. Wills—Heirs—Inheritance.—The heir takes from his ancestor; and, a limitation to a person or his heirs is a limitation to him, for the word "or" must be equivalent to "and,"

3. Wills—Construction.—Where land is devised to one during his natural life and at his death to be divided equally between his four children living at the death of the testator or their heirs, the life tenant's children took vested estates which would not be defeated by the death of the children before the death of the life tenant.

E. L. McDONALD for appellant.

L. R. CURTIS for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, W. M. Brown, bought a farm on Floyd's Fork in Jefferson county from the appellees, Wilber Blackwell, Loulie, his wife, and their three chil-dren, and refused to accept the deed they tendered him

on the ground that their title to the land was not good. The case turns on the proper construction of the will of W. B. Blackwell, the father of Wilber Blackwell, under which one-half of the land is held.

After giving practically all of his personal property to his son Wilber Blackwell absolutely, the testator disposed of his real estate by the following clause: "I also give him all of my real estate to have and to hold during his natural life and at his death to be divided equally between his now four living children or their heirs."

The testator, W. B. Blackwell, died in 1912, leaving one child, Wilber Blackwell surviving him. Wilber Blackwell then had four children, Sue Cleo Blackwell, Blanche Blackwell Downey, Wm. W. Blackwell, and Mary M. Blackwell, all being adults. Mary M. Blackwell never married and died intestate at the age of 23, in 1913, leaving her parents, Wilber Blackwell and Loulie P. Blackwell, as her heirs at law. Wilber Blackwell, his wife, Loulie P. Blackwell, and their three children joined as grantors in the deed to Brown.

It is the contention of the appellees, Wilber Blackwell and his children, and this contention was upheld by the judgment of the chancellor, that the will vested a life estate in Wilber Blackwell with a vested remainder in his four children, the words "or their heirs" being treated as equivalent to "and their heirs"; and, being words of limitation they indicated that the living children took estates of inheritance. Under this construction the one-fourth interest in remainder which belonged to Mary M. Blackwell was not affected by her death before the death of the life tenant, but passed by inheritance to her parents as her heirs. Likewise, the interests of the other three children of Wilber Blackwell, being vested interests in remainder and not subject to be defeated by their death before the death of the life tenant, they could convey an indefeasible and marketable title to their interests.

On the other hand Brown contends that the words "or their heirs" were used by the testator to imply a substituted gift to such heirs in the event that at the period of distribution provided for, namely the death of Wilber Blackwell, one or more of his children may have died. If the words "or their heirs" are to be treated as words of purchase thus indicating the persons who are to take the remainder interest, and not merely words of limitation defining the estate given, it follows that since it

cannot be ascertained until the death of the life tenant who will be entitled to such remainder interest, the circuit court should not have required the appellant to accept a conveyance from the appellees.

The question for decision therefore, is this: When the testator gave his real estate to his son Wilber Blackwell for life, and directed that at Wilber's death it should be divided equally between his four children, or their heirs, what estate did the four children take? Substantially, the question here presented was before the court in Williams v. Williams, 91 Ky. 547, where the testator devised one-third of his lands to his wife for life, and directed that at her death the whole of his landed estate should go to his son, "or his heirs."

It was held that the son took a fee that vested upon the testator's death, the word "or" being read as equivalent to "and."

The earlier cases bearing on the subject were therein collected and reviewed; and, the case was followed and approved in Driggs v. Plunkett, 32 Ky. L. R. 390, 105 S. W. 976, in Ochs v. Kramer, 32 Ky. L. R. 762, 107 S. W. 260, and in other cases.

In the more recent case of Fischer v. Stoepler, et al., 152 Ky. 317, the question was again before the court, and the ruling in Williams v. Williams, *supra,* and the other cases cited, was again approved and followed.

In Fischer v. Stoepler, *supra,* the testator gave his real estate to his daughter-in-law for life, "and after her death the same shall be equally divided between her above named children, or to their heirs."

In holding that the children took a vested interest which was not subject to be defeated by their death in their mother's lifetime the court said:

"The word 'heirs' is a word of limitation, and not of purchase, and it will be read in its proper legal sense, unless there is something in the instrument showing that the testator did not use it in this sense. Clay v. Clay, 2 Duv. 295; Pritchard v. James, 93 Ky. 306, 20 S. W. 216, 14 Ky. L. R. 243; Scott v. Noel, 45 S. W. 517, 20 Ky. L. R. 188; Underwood v. Magruder, 87 S. W. 1976, 27 Ky. L. R. 1165. The heir takes from his ancestor, and a limitation to a person or his heirs is a limitation to him; for the word 'or' must be equivalent to 'and'."

From these authorities it is plain that this case does not belong to that class of cases in which the testator ex-

pressly shows that only the children living at the death of the life tenant are to take the property. Cases of that class have no application to a will like the one before us. Appellees' title is good, and the chancellor properly enforced the contract.

Judgment affirmed.