## Barnes et al. v. Johns et al.
(Decided Nov. 7, 1935.)

**182**

B. A. GUTHRIE and ROY FRANKENBERGER for appellants.

GARNETT & VAN WINKLE for appellees Lillie Johns, Laura Francke and Florence Cochran.

T. M. GALPHIN, Jr., for appellees Ethel Moore and Lorraine Hillerich.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

John F. Hillerich, the father of six daughters, a resident of Jefferson county, Ky., died testate in 1902. "Of these six daughters, one, May Hillerich, died without issue before the death of John F. Hillerich. No children were born to two of these daughters, Mary Carrie Barnes and Florence Cochran, but children were born to Lillie Johns, Lida Scholl and Laura Francke. Two sons, John A. Hillerich and Fred Hillerich were also born to John F. Hillerich. One of these, John A. Hillerich is a defendant in this action. Fred Hillerich died in 1932, leaving surviving him, Arthur Hillerich and Ethel Moore, and these the only children of Fred Hillerich survived John F. Hillerich. Since the filing of this action, Arthur Hillerich died, leaving as sole devisee under his will, his wife, Lorraine Hillerich."

Hillerich's will was duly probated and the nominated executor, William Furlong, qualified as executor of it.

The first three clauses directed the payment of his debts, small bequests to servants, and payment of the statutory allowance to the widow. The other clauses of the will read:

"Fourth: To my grandchildren, Arthur Hillerich and Ethel Hillerich, children of my deceased son, Fred Hillerich, I will and bequeath the sum of One Thousand [$1,000.00] Dollars in cash to each of them.

"Fifth: To my son, John A. Hillerich, I will and bequeath the sum of One Hundred [$100.00] Dollars in cash. He has been associated with me in business for a long number of years, and has had the benefit of my trade and experience and is well fixed and able to care for himself and his family.

"Sixth: All the rest and residue of my estate of whatever kind and description and wherever situated, real, personal and mixed, I will, devise and bequeath to my five children, viz: Lillie Johns, Carrie Barnes, Laura Francke, Lida Scholl and Florence Cochran, each of them to receive a one-fifth interest in such residue and of the share going to each of them one-half thereof shall belong to them absolutely and the remaining half of each share shall belong to them for and during their natural life with remainder to their children. The share of my estate going to each of my daughters under this clause of my will shall be their separate estate and free from the control of marital rights of their present husbands, or any husband either of them may have."

While other issues were made in the pleadings, the determinate one now presented is, the construction of the testator's will as it concerns Lee M. Barnes.

Lee M. Barnes, individually and as executor of her will, contends that Mary Carrie Barnes, his wife, under the will of John F. Hillerich, was devised an absolute fee in one-half of the property devised to her and a defeasible fee in the other one-half which ripened into an absolute fee in her, upon her death.

Lillie Johns, Laura Francke, Florence Cochran, Arthur Hillerich, Ethel Moore, John A. Hillerich, and Lida Scholl insist that one-half of the property was devised to her in fee and the other half for life only, and, because she died without issue, the one-half devised to her for life is, in law, undevised property of the testator, and in the circumstances became vested in them as his heirs at law upon the death of Mrs. Barnes.

The trial court decreed that of the residue of the estate devised to Mrs. Barnes one-half of it vested in fee in her and the other half for her life and then to her children, and that, since she died without issue, the

one-half so devised to her for life reverted to the estate of John F. Hillerich and passed under the law of descent and distribution.

It is argued by Lee M. Barnes that the trial court reached his conclusion by considering only clause 6 of the will, when it in its entirety establishes the intention of the testator to devise to his daughters, including Mrs. Barnes, "a one-fifth absolute interest in his estate, subject to the rights of their children, if any there were, and that therefore, Mary Carrie Barnes was entitled to the one-fifth interest that she received from her father's estate and had a perfect right to pass it by will to Lee M. Barnes." He insists that, if "the Sixth Clause of the will of John F. Hillerich does not vest Mary Carrie Barnes with a defeasible fee in the estate, the residue will certainly pass under the residuary clause of the will rather than descend by the law of descent and distribution under the will of John F. Hillerich."

To substantiate his construction of the will, he presents the testimony of Mrs. Francke, disclosing her interpretation of it. The rule is that extrinsic evidence is admissible to explain a latent ambiguity in a will, Thomas v. Scott, 72 S. W. 1129, 24 Ky. Law Rep. 2031; Parrott v. Crosby, 179 Ky. 658, 201 S. W. 13, but inadmissible to show the testator's intention where there is no ambiguity in it, Violett's Adm'r v. Violett, 217 Ky. 59, 288 S. W. 1016; Fidelity & Columbia Trust Co. v. Harkleroad, 224 Ky. 5, 5 S. W. (2d) 477.

This rule precludes our consideration of the testimony of the witnesses tending to establish the testator's intention; there being no ambiguity in it.

It is true that the law favors vesting estates. Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S. W. (2d) 670. Also, it is a familiar rule that, to arrive at the intention of a testator, the entire will must be taken into consideration and each clause thereof read in connection with the others. And, where it is susceptible of two constructions, the law favors that one which disposes of the entire estate of the testator. Howard v. Cole, 124 Ky. 812, 100 S. W. 225, 30 Ky. Law Rep. 1027.

Wills and deeds containing similar, if not identical, language, to that in the present one, have often been presented to this court for construction. See Coots v. Yewell, 95 Ky. 367, 25 S. W. 597, 26 S. W. 179, 16 Ky.

Law Rep. 2; Newton v. Southern Baptist Theological Seminary, 115 Ky. 414, 74 S. W. 180, 24 Ky. Law Rep. 2310; Baxter v. Bryan, 123 Ky. 235, 94 S. W. 633, 29 Ky. Law Rep. 658; Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S. W. (2d) 1020; and Slack v. Downing, 233 Ky. 554, 26 S. W. (2d) 497.

In Jones v. Thomasson, 159 Ky. 196, 166 S. W. 1001, Brown v. Blackwell, 178 Ky. 797, 200 S. W. 13, and in May v. Walter's Ex'rs, 97 S. W. 423, 30 Ky. Law Rep. 59, the language of the wills were almost identical with the will in the present case. The difference in the facts in these and in the present one is, the devisees of the life estate had children born to them, and here no child was born to Mrs. Barnes. The case of Herbert's Guardian v. Herbert's Ex'r, 85 Ky. 134, 2 S. W. 682, 8 Ky. Law Rep. 752, is entirely in harmony with our conclusion expressed in the above cases. The lone exception to the principles announced in the cases, supra, seems to be Bohon v. Bohon, 78 Ky. 408.

To support his position, Barnes cites to us Roseboom v. Roseboom, 81 N. Y. 356; Freeman v. Coit, 96 N. Y. 63; Gulick's Ex'rs v. Gulick, 25 N. J. Eq. 324; Kimble v. White, 50 N. J. Eq. 28, 24 A. 400; Eysaman v. Nelson, 79 Misc. 304, 140 N. Y. S. 183; Coquillard v. Coquillard, 62 Ind. App. 426, 113 N. E. 474; Johns Hopkins University v. Garrett, 128 Md. 343, 97 A. 640; 28 R. C. L. 231, and 40 Cyc. 1409.

Without reviewing and analyzing them, we can say with assurance that, whatever may be the rule in other jurisdictions, it is clear, under the decisions of this court, it is a settled rule in this state, where a testator, by his will, when construed as a whole, gives to a devisee an estate for life, and at the latter's death to any children that he or she might have, and makes no further disposition of his property, the unborn children take a defeasible fee, subject to its being defeated if there are no children born to the devisee, and, if he or she dies without issue having been born, the title to the property so devised does not pass under the will of the testator to any one, but passes under the laws of descent and distribution to the testator's heirs. This was the holding of the trial court in which, it is apparent, we concur.

Wherefore the judgment is affirmed.