CHARLES VINCENT CASE et al. *v.* MARION VIRGINIA MARSHALL et al.

[No. 14, October Term, 1930.]

*Decided November 18th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles McH. Howard,* for the appellants.

*Marie W. Presstman* and *Karr & Colgan,* submitting on brief, for Sarah E. Taylor, appellee.

*Joseph T. Molz* and *William H. Lawrence,* submitting on brief, for the other appellees.

PATTISON, J., delivered the opinion of the Court.

Andrew Jackson Burke, of the City of Baltimore, devised and bequeathed his entire estate, real, personal and mixed, to his wife, Ann Louise Burke, for and during the term of

her natural life, and, after her death, to his two sons, Andrew Jackson Burke and James Peabody Burke, in trust, for the use and benefit of his children, William Barney Burke, Andrew Jackson Burke, Marion Virginia Marshall, James Peabody Burke and Sarah E. Taylor "during the life of each of my said children and upon the death of the last survivor of my said children, the said trust to cease; the said property then to vest absolutely and go in fee simple to my grandchildren, taking *per capita* and not *per stirpes*," etc.

On February 15th, 1902, Andrew Jackson Burke, Sr., died, leaving surviving him his widow and his five children above mentioned.

After the death of Andrew Jackson Burke, Sr., proceedings were instituted for the construction of his will, in which the effect of the renunciation of his will by his widow was determined and jurisdiction over the administration of the trust was assumed by the court. The court, however, declined at that time to construe the terms and provisions of the will, as all of the children of said testator were still living, and the time for the determination of the questions therein presented had not arrived. In consequence of such refusal of the court, the said five children of the testator and their respective wives and husbands, and the testator's then adult grandchildren, Louisa H. Case and Mary G. T. Kirby, and their respective husbands, and Gertrude Taylor, unmarried, daughter of Sarah E. B. Taylor, executed an agreement in writing, under seal, duly acknowledged and recorded, in conformity to the statute as to deeds of conveyances, which recited the provision of the will, already stated, creating the trust for the use and benefit of his five children, and stated in respect thereto, that "it is not clear whether upon the respective deaths of his children the income payable to such child so dying shall be paid during the continuance of the trust to the child or children of the one so dying, or whether upon the death of each one so dying the entire income shall thereupon be paid to the surviving child or children of the testator; or whether some other construction is the proper construction to be placed upon the terms of said will." It is

then stated therein that, as the parties to the agreement had "personal knowledge of the intention of the said testator as expressed by him during his lifetime," it was their desire that his intention so expressed to them should be carried out, and his intention was "that upon the death of each of his said children, the income theretofore payable to the one so dying should, *until the termination of the trust*, be paid over to the child or children of the one so dying, in order that provision might be made for the child or children of the one so dying *until the termination of the trust*," and in order to "carry out the said known intention of the testator, regardless of any technical construction that may be placed upon the terms used in the said will this agreement is executed:

"Now, Therefore, This Agreement Witnesseth, That for the purpose of carrying out the intention of the testator, and in view of the uncertainty of life, and in consideration of the mutual agreements of the parties hereto, the said five children of the testator, namely, William Barney Burke, Andrew Jackson Burke, Marion Virginia Marshall, James Peabody Burke and Sarah E. B. Taylor, do hereby agree to and with each other, and to and with the child or children of each of the others * * * that upon the respective deaths of each of the said five above named children of the said testator the income of the estate payable by the trustees shall be paid and distributed by said trustees (or trustee) in the following manner, and in no other manner, to wit: That from and after the death of the one of the five children first dying the one-fifth part of the income of the said estate theretofore received by the one so dying shall be paid over to the child or children of the one so dying in equal proportions and the four survivors of the said five children do hereby grant and assign unto the said child or children of the one so dying the one-fifth portion of the entire income of said estate."

and this language is thereafter repeated in respect to each of the three next thereafter dying, and concludes by saying

"and from and after the death of the one of the five children lastly dying the principal of the estate of the said testator shall be distributed by the trustee in accordance with law and the terms of said will."

Upon the death of Andrew Jackson Burke, Jr., in the year 1915, leaving two sons surviving him, the question was presented to the court in which the trust was being administered (Circuit Court No. 2 of Baltimore City), as to what disposition should be made of the share of the income which he, Andrew Jackson Burke, Jr., had been receiving. Judge Bond, now chief judge of this court, in a brief opinion filed by him, held that "the agreement of the children named in the will as beneficiaries of the trust controls completely the disposition of income during the lifetime of the longest survivor of them, and that accordingly the child or children of any deceased child shall receive a one-fifth portion of such income during the existence of the trust," and a decree to that effect was then passed, from which no appeal was taken.

In 1924, upon the death of James Peabody Burke, another child of the testator, who left no issue, the question was for the first time presented to the court as to what, by the combined effect of the will and said agreement, became of the share of the income of the testator's estate, there being no child or children surviving him. That question was presented to this court on appeal from the decree of the lower court, and it was held by us in *Marshall v. Security Storage Co.*, 155 Md. 649, that the agreement modified the will only in respect to the shares of the income of children who left issue, and that the will itself created a joint tenancy in the income in the testator's five children, and, as a result of such holding, the income that had been received by James Peabody Burke during his life was decreed to be paid to the surviving children in accordance with the terms and provisions of the will.

William Barney Burke, another son of the testator, died, leaving one child, Mrs. Louisa H. Case, who under the assignment to her contained in the agreement mentioned, as construed by Judge Bond, became entitled, upon the death of her father, to his share of the income, which was paid to

her to the time of her death in 1927. Mrs. Case died, leaving surviving her Charles Vincent Case, her husband, and Charles Vincent Case, Jr., her infant son, the appellants in this case. Mrs. Case devised and bequeathed her estate to her husband, Charles Vincent Case, who under her will was named as her executor.

The petition filed in this case by the Baltimore Trust Company, trustee, successors to the Century Trust Company, substituted trustee under the will of Andrew Jackson Burke, deceased, asked that it be directed by the court as to who is now entitled to receive the share of said income assigned to Mrs. Case, including that which has accumulated since her death, and which has not been distributed. To avoid any possible conflict between the two appellants, Charles V. Case, Sr., in his answer to said petition, assigned to his son, Charles V. Case, Jr., "his claim to such accumulations of the income from said share and to the income to accrue thereon." The question, who is now entitled to receive that portion of the income, together with said accumulations, so assigned to Mrs. Case, and which she was to receive until the termination of the trust created in the will, which will not occur until the death of the survivor of the five children of the testator, Andrew Jackson Burke, deceased, is the only question presented by this appeal.

It is not claimed by the appellants that Charles V. Case, Jr., takes under the will, but that he is entitled to said one-fifth portion of the income, including said accumulations, by virtue of the assignment thereof to his mother from the children of the testator, Andrew Jackson Burke, deceased, and the further assignment to him from his father, devisee or legatee of Mrs. Case. While the appellees contend that the assignment to Mrs. Case was to her as a "child" of one of the five children named in the will of the said Andrew Jackson Burke, Sr., and as the agreement contains no words of limitation indicating that the income, so assigned to her as such child, was, upon her death, to pass to others, there was no vested interest in her which she could bequeath to her hus-

band, or which would pass to her son as her heir or next of kin.

The court below adopted the contention of the appellees, and passed a decree directing the trustee under the will of Andrew Jackson Burke, Sr., "to distribute in equal shares to Margaret Virginia Marshall and Sarah E. Taylor, surviving children of Andrew Jackson Burke, the accumulated income of the Louisa H. Case share and hereafter to distribute to the said Margaret Virginia Marshall and Sarah E. Taylor in equal shares and after the death of either to the survivor until her death, the one-fifth portion of the net income of the trust estate formerly payable to Louisa H. Case." It was from this decree that the appeal in this case was taken.

To decide the question presented, we must determine the nature and effect of the assignment; that is, whether it con-- ferred upon Mrs. Case such a vested interest in the one-fifth portion of the income formerly received by her father, which she could dispose of by will or otherwise, or which would pass upon her death, if not so disposed of by her, to her next of kin.

With the statutes now in force in this state, it is, we think, well settled that, where a contrary intention is not clearly shown, both deeds and assignments, as well as wills, though without words of limitation or perpetuity, are presumed to carry such estate as the grantor, assignor, or testator has the power to convey, assign, or dispose of by will, and not an estate limited to the life of the grantee, assignee, devisee, or legatee, or an estate or interest less than that over which such party has the power of disposition. Code, art. 21, sec. 11, and art. 93, sec. 336; *Hawkins v. Chapman,* 36 Md. 94; *Merrill v. Disney,* 48 Md. 350; *Johns Hopkins Univ. v. Garrett,* 128 Md. 343.

The agreement in this case, in the nature of a family settlement, stated that it was the intention of the testator "that upon the death of each of his said children, the income theretofore payable to the one so dying, should, until the termination of the trust (which was to continue to the death of his last surviving child) be paid over to the child or children of

the one so dying" and there is nothing in the assignment made in consequence of this agreement or in the facts or circumstances connected therewith, showing an intention to confer upon the child or children of the child so dying a life estate only, or an interest or estate less than that held by the parent, which was the right to receive the income until the termination of the trust. It is suggested in the brief of one of the appellees that the great-grandchildren were not the objects of the testator's bounty, because of the provision of the will that "upon the death of the last survivor of my said children," the said trust was to cease; the said property "to go in fee to my grandchildren, taking *per capila* and not *per stirpes.*" It may have been that the great-grandchildren were not the objects of the testator's bounty, but if they were not, this fact in no way reflects upon the intention of the grantors or assignors as to the extent of the estate or interest assigned, for should the great-grandchildren be receiving the income at the termination of the trust, their right thereto would cease at that time, just as would the right of any other person or persons claiming by, from, or under the assignee.

In our opinion, the right conferred upon Mrs. Case by the deed of assignment, to receive the income until the termination of the trust, was not terminable at her death, but continued, as expressed in the assignment, to the end of the trust, and the interest so conferred upon her was a vested interest and one that she could dispose of by will or otherwise, and, if not so disposed of by her, was an interest which would, upon her death, pass to her next of kin.

This view is at variance with the conclusion reached by the learned chancellor below, and we will, therefore, have to reverse the decree appealed from.

> *Decree reversed, and case remanded that a decree may be passed in conformity with this opinion, costs to be paid out of the accumulated fund in the hands of the trustee.*